KATHLEEN BORKOWSKI *v.* JOHN J. BORKOWSKI
(9389)
(9390)

DALY, LANDAU and HEIMAN, Js.

Argued March 27—decision released June 11, 1991

*Leanne M. Kinsley,* for the appellant (defendant).

*Averum J. Sprecher,* for the appellee (plaintiff).

PER CURIAM. The defendant appeals from the trial court's order granting the plaintiff's motion to modify the unallocated alimony and support order. The defendant also filed a separate appeal from the trial court's partial granting of his motion for modification. The trial court rendered its decision on both motions following

1

a joint hearing on July 9, 1990. The two appeals were consolidated, by order of this court, on August 3, 1990.

These appeals involve the trial court's decision to decrease the amount of the unallocated alimony and support order by $250 a month to reflect the fact that one of the minor children residing with the plaintiff had reached the age of eighteen on May 19, 1990, and to increase the amount of the unallocated alimony and support order by $250 a month due to the wife's uncontemplated substantial change of circumstances, specifically her physical health. The trial court's action in modifying the support order essentially leaves unchanged the husband's monthly obligation of $2500 in unallocated alimony and support.

The trial court has broad discretion in domestic relations cases and review is limited to whether the court's conclusions were correct in law and reasonably reached on the basis of the evidence presented. *Cattaneo* v. *Cattaneo,* 19 Conn. App. 161, 166, 561 A.2d 967 (1989). This court will not substitute its judgment for that of the trial court unless there has been an abuse of discretion or the findings lack a reasonable basis in fact. *Paddock* v. *Paddock,* 22 Conn. App. 367, 372, 577 A.2d 1087 (1990).

After review of the briefs and record in this matter we cannot say that the trial court abused its discretion or that the result was not reasonably reached.

The judgment is affirmed.