BERNARD FISHER *v.* JEAN FISHER
(9223)

DUPONT, C. J., SPALLONE and HEIMAN, Js.

Argued April 24—decision released June 18, 1991

*L. Paul Sullivan,* for the appellant (plaintiff).

*John A. Berman,* with whom was *Robert B. Fawber,* for the appellee (defendant).

HEIMAN, J. The plaintiff appeals from the judgment of the trial court granting the defendant's motion for modification of an award of periodic alimony that was awarded to her as a part of the judgment of dissolution of marriage, and as modified by the trial court on another occasion.

The facts necessary for a resolution of this matter may be briefly summarized as follows. The marriage between the parties was dissolved by judgment dated October 4, 1984. That judgment was subsequently modified on May 30, 1986. The motion for modification that generated this appeal was dated February 6, 1989, and it was decided on May 16, 1990.

While the plaintiff raises a number of issues relating to his appeal, our review leads us to conclude that each of his claims implicates the exercise of discretion by the trial court and that the trial court acted within its discretion in concluding as it did. The standard of review in family matters is that this court will not disturb the trial court's orders unless it has abused its legal discretion or its findings have no basis in fact. *McPhee* v. *McPhee,* 186 Conn. 167, 177, 440 A.2d 274 (1982).

In its memorandum of decision, the trial court concluded that a substantial change in circumstances had occurred. The trial court, however, failed to set forth in its decision whether the change in circumstances that it found was contemplated or uncontemplated at the time of the decree dissolving the marriage.

The dissolution of the marriage between the parties was entered on October 4, 1984. At the time of the entry of the decree of dissolution, any party who sought a modification of a prior periodic award of alimony was required to establish an *uncontemplated* substantial change in the circumstances of either party. *Schofield* v. *Schofield,* 12 Conn. App. 521, 523, 532 A.2d 589 (1987); *Fabiano* v. *Fabiano,* 10 Conn. App. 466, 469,

523 A.2d 937 (1987). Here, the trial court failed to make a finding that the change in circumstances was one that was not contemplated by the parties at the time of the dissolution. Cf. *LaBow* v. *LaBow,* 13 Conn. App. 330, 344, 537 A.2d 157, cert. denied, 207 Conn. 806, 540 A.2d 374 (1988).

Because the amendment; Public Acts 1987, No. 87-104; to General Statutes § 46b-86 (a)[1] has been interpreted to apply only to judgments of dissolution rendered subsequent to the effective date of the statute; *Darak* v. *Darak,* 210 Conn. 462, 467–68, 556 A.2d 145 (1989); and the original judgment in this case was rendered many years prior to that date, the moving party was obligated to make a clear showing of an uncontemplated change in circumstances in order to be entitled to the granting of a motion for modification of periodic alimony. *Connolly* v. *Connolly,* 191 Conn. 468, 473, 464 A.2d 837 (1983). On the basis of this record, we are unable to determine whether the trial court concluded that the substantial change in circumstances that it found was one not contemplated by the parties at the time of the decree. See *Grinold* v. *Grinold,* 172 Conn. 192, 195, 374 A.2d 172 (1976).

The case is remanded to the trial court for a determination of whether the change in circumstances that

[1] General Statutes (Rev. to 1989) § 46b-86 (a) provides: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party. After the date of judgment, modification may be made upon a showing of such substantial change of circumstances, whether or not such change of circumstances was contemplated at the time of dissolution. By written agreement, stipulation or by decision of the court, those items or circumstances that were contemplated and are not to be changed may be specified in the written agreement, stipulation or decision of the court. This section shall not apply to assignments under section 46b-81 or to any assignment of the estate or a portion thereof of one party to the other party under prior law."

it found was contemplated by the parties at the time of the decree of dissolution. If it finds that the change in circumstances was one that was contemplated at the time of the decree, then the judgment is set aside. If the trial court determines that the change was uncontemplated by the parties at the time of the decree, the judgment is affirmed.

In this opinion the other judges concurred.