SHARIE H. SALAMAN *v.* JULIO SALAMAN
(9322)

O'CONNELL, NORCOTT and FOTI, Js.

Argued June 3—decision released August 27, 1991

*Judith A. Busch,* for the appellant (plaintiff).
*Mark Kostecki,* for the appellee (defendant).

PER CURIAM. The plaintiff appeals from the trial court's denial of her motion for modification of orders of child support.

The following facts are necessary for the consideration of this claim. The marriage of the parties was dis-

solved in June, 1984. At that time the plaintiff was earning $165 per week and the defendant's salary was $445.25 per week. The court ordered that the defendant pay $25 per week as child support for the parties' minor child, age 4. The plaintiff has since remarried, given birth to another child, and relocated to another state. She earns $80 per week baby-sitting and does not work outside the home so that she may care for her infant. The defendant, a firefighter for the city of Hartford, has had a salary increase to $490 per week. In denying the plaintiff's motion, filed April 3, 1990, the trial court on June 19, 1990, found that the plaintiff had not shown a substantial change in circumstances not contemplated by the parties.

The plaintiff challenges the action of the court both in failing to find a substantial change in circumstances and in failing to consider the child support guidelines as required under Public Acts 1989, No. 89-203, now codified at General Statutes §§ 46b-215a and 46b-215b.

" 'In a modification action, the decision of the trial court is attributed great weight and every consideration must be given in support of its correctness. . . . The action of the trial court will not be disturbed unless the court has abused its discretion or its finding has no reasonable basis in the facts.' " (Citation omitted.) *Richard* v. *Richard,* 23 Conn. App. 58, 62, 579 A.2d 110 (1990). This court will not substitute its judgment for that of the trial court, which has broad discretion in domestic relations matters. *Borkowski* v. *Borkowski,* 25 Conn. App. 1, 2, 591 A.2d 1278 (1991).

After review of the briefs and record in this matter we conclude that the trial court did not abuse its discretion. The court's finding that there was no substantial change in circumstances was reasonable.

The plaintiff further argues that the court failed to consider the child support guidelines as required under

Public Acts 1989, No. 89-203. That act, effective October 1, 1989, creates a rebuttable presumption that when the amount of child support is determined in accordance with the guidelines, it is the correct determination of such support.

We will ordinarily consider only claims that are distinctly raised and decided in the trial court in the first instance. Practice Book § 4185; *Texaco, Inc.* v. *Golart*, 206 Conn. 454, 460, 538 A.2d 1017 (1988). Since the plaintiff did not raise the claim of a substantial deviation from the guidelines either in her motion or at the hearing on her motion, and raises it for the first time on appeal, we will not address this claim.[1]

The judgment is affirmed.

[1] Public Acts 1990, No. 90-188, effective October 1, 1990, which authorizes the modification of child support orders based on a substantial deviation from the Connecticut child support guidelines, is applicable "to all existing orders, not merely to those entered after October 1, 1990." *Turner* v. *Turner*, 219 Conn. 703, 595 A.2d 297 (1991).

"Both the 'substantial change of circumstances' and the 'substantial deviation from child support guidelines' provision establish the authority of the trial court to modify existing child support orders to respond to changed economic conditions." Id., 718. In *Turner*, although the ground of substantial deviation from the guidelines was not raised by the motion to modify, it was raised at the hearing and the defendant waived any procedural objection based on a lack of notice. Id., 705 n.3.