BERNARD FISHER *v.* JEAN B. FISHER
(10082)

DUPONT, C. J., FOTI and LAVERY, Js.

Argued May 6—decision released August 4, 1992

*C. Ian McLachlan,* with whom, were *Laura W. Ray* and, on the brief, *William H. Narwold,* for the appellant-appellee (defendant).

*L. Paul Sullivan,* for the appellee-appellant (plaintiff).

FOTI, J. The defendant appeals from the judgment of the trial court granting the plaintiff's motion for modification of an award of periodic alimony awarded to the defendant after the judgment of dissolution of marriage, and as modified on three previous occasions.

We recently reviewed the granting of the defendant's motion for modification of alimony; *Fisher* v. *Fisher,* 25 Conn. App. 82, 592 A.2d 968, cert. denied, 220 Conn. 917, 597 A.2d 333 (1991); and remanded it for a determination of whether the change in circumstances was contemplated by the parties at the time of the decree. Prior to that matter's being argued before this court, the plaintiff's motion that is the basis of this appeal had already been heard and decided by the trial court.

The defendant claims that the trial court improperly (1) found a substantial change of circumstances, (2) determined that the orders should reflect the needs that existed in 1986, the year of the initial modification of

the dissolution, and (3) failed to follow the statutory procedures for considering the plaintiff's motion to modify. The plaintiff has filed a cross appeal claiming that the trial court improperly (1) failed to consider an inheritance by the defendant in ruling on the plaintiff's motion and (2) concluded that its order reducing the defendant's alimony should not be retroactive. We remand for further proceedings.

The facts necessary for a resolution of this matter may be summarized as follows. On October 4, 1984, the marriage between the parties was dissolved. On May 30, 1986, upon a motion for modification by the plaintiff, a state trial referee, *Hon. John M. Alexander*, modified the defendant's alimony and awarded her $2400 per month. On May 16, 1990, the trial court, *Steinberg, J.*, granted the defendant's second motion for modification and increased the alimony award to $4800 per month. The plaintiff appealed and we remanded with direction.[1]

On August 29, 1990, the plaintiff filed the present motion for modification. On March 13, 1991, the trial court, *Barall, J.*, granted the motion, and reinstated the trial referee's 1986 modification orders.

### THE APPEAL

The defendant first claims that the court's finding of a substantial change in circumstances was unsupported by the facts because the plaintiff's financial circumstances had not deteriorated subsequent to the granting of the prior modification by the court on May 16, 1990. Such an uncontemplated substantial

---

[1] Although our record does not so indicate, the parties agreed at oral argument that the court, *Steinberg, J.*, had determined on remand that the change in circumstances on which the modification was based was not contemplated by the parties at the time of the dissolution. As such, our decision in *Fisher* v. *Fisher*, 25 Conn. App. 82, 592 A.2d 333 (1991), required an affirmance of the modification to $4800 per month. The appeal from that finding on remand is currently pending.

change must have occurred after the date of the last modification order. *Hirst* v. *Hirst,* 2 Conn. App. 348, 349–50, 478 A.2d 618 (1984); see also *Connolly* v. *Connolly,* 191 Conn. 468, 473, 464 A.2d 837 (1983); *Cersosimo* v. *Cersosimo,* 188 Conn. 385, 405, 449 A.2d 1026 (1982).

The plaintiff's motion for modification claimed a substantial change of circumstances in two aspects: an inheritance by the defendant in the amount of $149,541.45, and a reduction in the plaintiff's assets. In May, 1990, Judge Steinberg had concluded that the plaintiff had saleable assets totaling $1,447,800, which could be used to meet the existing annual deficit of $62,509.20 resulting from the plaintiff's failure to project a future resumption of a $72,000 per year income. These assets were three mortgages amounting to $847,000, and Waterbury Operating Corporate stock valued at $600,000.

In 1991, Judge Barall recognized that the findings made by the prior court and by the state trial referee were matters of record that could not be altered. The court accepted those facts and conclusions, but found that the Waterbury Operating Corporation, operating under a lease and in the process of being evicted, had become valueless since the last hearing. It found that the stock had a value of zero and that the $72,000 annual income, as projected in the prior modification hearings, had never materialized. The court further found that one of the assets existing in 1990, a mortgage note valued at $150,000, was no longer an asset in 1991. The court also made certain determinations as to the other two assets that are not necessary to this appeal.

" ' "In a modification action, the decision of the trial court is attributed great weight and every consideration must be given in support of its correctness. . . .

The action of the trial court will not be disturbed unless the court has abused its discretion or its finding has no reasonable basis in the facts.' " (Citation omitted.) *Richard* v. *Richard,* 23 Conn. App. 58, 62, 579 A.2d 110 (1990). This court will not substitute its judgment for that of the trial court, which has broad discretion in domestic relations matters. *Borkowski* v. *Borkowski,* 25 Conn. App. 1, 2, 591 A.2d 1278 (1991)." *Salaman* v. *Salaman,* 25 Conn. App. 563, 564, 595 A.2d 909 (1991).

After review of the briefs and the record, we conclude that the trial court did not abuse its discretion and that a reasonable basis exists in the facts that a substantial change of circumstances could reasonably have been found to have occurred subsequent to the 1990 modification.

The trial court, having found that there had been a substantial change of circumstances, then made new orders. The trial court was not required to determine whether such change in circumstances was contemplated by the parties at the time of the decree of dissolution.[2]

---

[2] We note that General Statutes (Rev. to 1989) § 46b-86 (a), which became effective as Public Acts 1987, No. 87-104, on October 1, 1987, provided in relevant part that after a dissolution of a marriage, modification may be made upon a showing of such substantial change of circumstances, whether or not such change of circumstances was contemplated at the time of the dissolution. The dissolution of the marriage between the parties was entered on October 4, 1984, at which time an uncontemplated substantial change in circumstances of either party was required to be established by the party seeking a modification of a periodic award of alimony. *Fisher* v. *Fisher,* 25 Conn. App. 82, 83, 592 A.2d 968 (1991). Subsequent to our decision therein, our Supreme Court stated: "The legislature's prompt action in adopting the expressly retrospective language of P.A. 90-213, § 46, unambiguously clarifies its original intention that P.A. 87-104 applies to all *alimony* and support orders regardless of the date on which they were entered." (Emphasis added.) *Turner* v. *Turner,* 219 Conn. 703, 717, 595 A.2d 297 (1991). This effectively reverses *Darak* v. *Darak,* 210 Conn. 462, 556 A.2d 145 (1989).

The defendant next claims that the trial court improperly failed to follow the statutory criteria in ruling on the plaintiff's motion to modify. We agree.

The trial court, having found a substantial change in circumstances, put the parties back to "square one," being the status of the parties as of state trial referee Judge Alexander's decision. The trial court did not examine the present circumstances of the parties but rather adopted those that existed in 1986.

"Once a trial court determines that there has been a substantial change in the financial circumstances of one of the parties, the same criteria that determine an initial award of alimony and support are relevant to the question of modification. *Sanchione* v. *Sanchione,* 173 Conn. 397, 401–402, 378 A.2d 522 (1977)." *Hardisty* v. *Hardisty,* 183 Conn. 253, 258–59, 439 A.2d 307 (1981). The court's power to modify is created by statute and it must make its determinations on the basis of the statutory standards. The trial court was limited to reviewing the current situation of the parties in light of the statutory criteria set forth in General Statutes § 46b-82.[3] "These have chiefly to do with the needs and financial resources of the parties." *Sanchione* v. *Sanchione,* supra, 402. "Our modification statute, General Statutes § 46b-86, reflects the legislative judgment that continuing alimony payments should be based on current conditions." *Rubin* v. *Rubin,* 204 Conn. 224, 236,

[3] General Statutes § 46b-82 provides in relevant part: "In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

527 A.2d 1184 (1987). The court must determine, inter alia, the defendant's current needs and the plaintiff's current ability to pay in light of those needs. We remand for that purpose.[4]

## The Cross Appeal

The plaintiff claims that the trial court improperly failed to grant him some relief by virtue of the defendant's inheritance, which, he contends, "like winning the lottery, is probably the classic favorable change of circumstance."

The record reveals that the court considered the inheritance, stating, "I'm not quite sure whether the inheritance in and of itself would have been sufficient for a change of circumstances, although it has a certain amount of net inheritance of Mrs. Fisher of approximately $125,000 to $150,000, depending on how—whether you're attributing the amount that she's already received and has partially expended."[5]

In cases involving a modification of alimony, "great weight is due to the action of the trial court and every reasonable presumption will be made in favor of its correctness." *Noce* v. *Noce,* 181 Conn. 145, 149, 434 A.2d 345 (1980). A trial court has broad discretion in deciding a domestic relations matter; *Leo* v. *Leo,* 197 Conn. 1, 4, 495 A.2d 704 (1985); and our review is limited to whether the court's conclusions were correct in law and reasonably reached on the basis of the evidence presented. *Cattaneo* v. *Cattaneo,* 19 Conn. App. 161, 166, 561 A.2d 967 (1989). We will not substitute our judgment for that of the trial court unless there has been an abuse of discretion or the findings lack a reason-

---

[4] We therefore conclude that we need not address the defendant's third claim.

[5] The record indicates that some evidence was presented at the hearing of April 4, 1991, regarding the defendant's debts of $68,000 and estimated attorney fees to date of $25,000.

able basis in fact. *Paddock* v. *Paddock*, 22 Conn. App. 367, 372, 577 A.2d 1087 (1990).

Our review of the record and briefs in this matter leads us to conclude that the result was reasonably reached and that the court did not abuse its discretion.

The plaintiff also alleges that after first determining that its order reducing the defendant's alimony should be retroactive, the trial court then improperly concluded otherwise. The parties agree that retroactive alimony may be ordered from the date of the filing of the motion for modification of alimony. General Statutes § 46b-86, effective October 1, 1990, prior to the filing of the motion herein, specifically allows the court to order retroactive alimony.[6] The defendant argues that while it is discretionary for the court to order retroactive alimony for orders involving increases in alimony, no such discretion should be allowed for retroactive reductions in alimony awards. The plaintiff argues that the court abused its discretion in failing to order that the reduced award be retroactive.

Because our remand as required on the direct appeal may render this issue moot, we decline to address it and leave it for another day. " '[I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow.' " *Graham* v. *Graham*, 25 Conn. App. 41, 48, 592 A.2d 424 (1991).

The judgment is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

[6] General Statutes § 46b-86 (a) provides in relevant part: "No order for periodic payment of permanent alimony or support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order from the date of service of notice of such pending motion upon the opposing party pursuant to section 52-50."