BERNARD C. FISHER *v.* JEAN C. FISHER
(11188)

O'CONNELL, HEIMAN and SCHALLER, Js.

Argued January 15—decision released February 16, 1993

*Paul B. Zolan,* with whom, on the brief, was *L. Paul Sullivan,* for the appellant (plaintiff).

*C. Ian McLachlan,* with whom, on the brief, were *William H. Narwold* and *Laura Welch Ray,* for the appellee (defendant).

HEIMAN, J. This is an appeal from the trial court's determination, after remand, that a substantial change in circumstances was not contemplated. We previously addressed the plaintiff's appeal from the granting of a motion for modification of a dissolution judgment in *Fisher* v. *Fisher,* 25 Conn. App. 82, 592 A.2d 968, cert. denied, 220 Conn. 917, 597 A.2d 333 (1991). We remanded the case to the trial court to determine whether the substantial change in circumstances found by the court was not contemplated by the parties at the time of dissolution. We did so under the authority of *Darak* v. *Darak,* 210 Conn. 462, 556 A.2d 145 (1989), and the then existing version of General Statutes (Rev. to 1989) § 46b-86 (a).

On appeal, the plaintiff asserts that the trial court improperly (1) determined that the state trial referee and the parties did not know that the referee had determined the value of corporate stock at $370,000, and that the defendant is not bound to that knowledge as a matter of law concerning the contemplation of future events, (2) found that the substantial change in circumstances was not contemplated without ever finding or attempting to find what the parties' actual circumstances were in April through May, 1990, (3) failed to establish factually starting and terminal points so that the parties could produce evidence concerning contemplation, and (4) denied his motion that the remand hearing be heard by a judge other than the one who initially granted the defendant's motion for the modification

of an alimony award. We conclude that this appeal is moot and, accordingly, must be dismissed.[1]

The amendment of General Statutes § 46b-86 (a) by No. 90-213, § 46, of the 1990 Public Acts, and our Supreme Court's holding in *Turner* v. *Turner,* 219 Conn. 703, 595 A.2d 297 (1991), renders this appeal moot. "The legislature's prompt action in adopting the expressly retrospective language of [Public Act No.] 90-213, § 46, unambiguously clarifies its original intention that [Public Acts 1987, No.] 87-104 [General Statutes § 46b-86] applies to all *alimony* and support orders regardless of the date on which they were entered."[2] (Emphasis added.) *Turner* v. *Turner,* supra, 717; *Fisher* v. *Fisher,* 28 Conn. App. 483, 487 n.2, 611 A.2d 440 (1992). The amendment removes the requirement that the substantial change in circumstances not be contemplated at the time of the dissolution to support a modification. *Turner* v. *Turner,* supra; see also 1990 Public Acts, No. 90-213, § 46. The plaintiff's argument that the trial court improperly found that the substantial change in circumstances was not contemplated therefore is moot.[3] We have repeatedly stated that "the

[1] The facts of this case are adequately set forth in *Fisher* v. *Fisher,* 25 Conn. App. 82, 592 A.2d 968 (1991).

[2] While the plaintiff asserts that Public Acts 1990, No. 90-213, § 46, amending General Statutes § 46b-86 (a), applies only to modification of child support orders, our Supreme Court has not followed this interpretation. *Turner* v. *Turner,* 219 Conn. 703, 595 A.2d 297 (1991). The General Assembly has yet to limit the scope of the Supreme Court's construction of the statute and is presumed to be aware of judicial construction placed on its enactments. *Lumbermans Mutual Casualty Co.* v. *Huntley,* 223 Conn. 22, 30, 610 A.2d 1292 (1992); *DeAlmeida* v. *M.C.M. Stamping Corporation,* 29 Conn. App. 441, 451, 615 A.2d 1066 (1992). Without such an amendment, the Supreme Court's interpretation that No. 90-213, § 46, of the 1990 Public Acts applies to all alimony and support orders regardless of the date on which they were entered is controlling and binding on us.

[3] Our determination that contemplation is irrelevant also makes moot the plaintiff's argument that the judge failed to disqualify himself on remand.

existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Citations omitted; internal quotation marks omitted.) *Hartford Principals' & Supervisors' Assn.* v. *Shedd*, 202 Conn. 492, 496–97, 522 A.2d 264 (1987).

The appeal is dismissed.

In this opinion the other judges concurred.