[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR MODIFICATION (NO. 110) AND FOR CONTEMPT (NO. 109.09)
The defendant has moved to modify the judgment entered in this matter on April 9, 1980 (Belinkie, J.). The defendant's motion was served by citation on February 27, 1993. The plaintiff thereafter on March 17, 1993 filed her motion for contempt claiming an arrearage of $1,400.00 of alimony, the failure of the defendant to comply with the provisions of the judgment regarding life insurance, and counsel fees.
As previously noted, this court did, on April 9, 1980, enter a decree of dissolution of the parties' marriage. The court ordered the defendant to pay to the plaintiff $200.00 per week alimony and ordered, further as follows:
 "Husband will provide one-half of his life insurance that he has through his employer for his wife. Currently that would be about $40,000.00 for his wife. Husband will provide proof of compliance." (Paragraph 10 of the judgment.)
There were no further proceedings in this matter until the filing of the foregoing motions.
The motion for modification is filed pursuant to the provisions of 46b-86(a). In this case the issue is modification of periodic alimony so that the only issue is whether the defendant has sustained his burden of demonstrating that there has been a substantial change of circumstances and that such change or changes are substantial. The plaintiff has argued the issue of contemplation. However, unless the parties otherwise agree or stipulate or the court decree provides to the contrary, the issue of contemplation has been removed by the changes in the statute made by P.A. 87-104 effective October 1, 1987. See P.A. 90-213 46; Turner v. Turner, 219 Conn. 703, 717
(1991); Kisher v. Kisher, 30 Conn. App. 324, 326 (1993). CT Page 4761
The defendant retired from Connecticut Container Corporation on March 5, 1993 after 43 years. He was terminated as a salaried employee on April 29, 1992 and placed on commission as an independent outside salesman until March 5, 1993. (The court recessed the hearing in this matter to permit the defendant to attend a previously planned retirement party in his honor.) In March, 1990 the defendant received a lump sum of $127,657.00 from the company's pension plan in lieu of monthly income for life with no survivor benefit, or monthly income for life with 100 per cent survivor benefits (see defendant's exhibit 1). The defendant deposited this sum into IRA accounts. The balance of these funds is now held in three certificates of deposit totalling $112,000.00.
With Social Security and the income from these IRA accounts, the defendant's monthly income amounts to $1,747.00 ($406.27 per week). His weekly income at the time of the decree was $482.00 per week. At the time of the decree the plaintiff's income was $298.00 per month ($69.00 per week). Her weekly income at present is $555.75. The plaintiff's current net worth is $105,000.00 and the defendant's current net worth is $118,000.00.
The court finds a substantial change of circumstances and finds that the change is, in fact, substantial. See McGuiness v. McGuiness, 185 Conn. 7, 10 (1981); Vonaa v. Vonaa,15 Conn. App. 745 (1988). Having found a substantial change of circumstances, the court must then consider the factors of46b-82 of the General Statutes. Hardisty v. Hardisty,183 Conn. 258, 259 (1981); Cummock v. Cummock, 180 Conn. 218, 221-22
(1980).
The defendant has remarried. His present wife's income has been taken into account in calculating his monthly expenses. (See note page two of defendant's financial affidavit.) See McGuiness v. McGuiness, supra, pp. 12, 13. He has had open heart surgery for coronary bypasses five years ago. He has been a diabetic for 22 years. He has osteomylitis of his left foot which required hospitalization for two weeks and intravenous injections for three weeks thereafter and his vision is becoming slightly impaired.
The plaintiff is an actress. This was the source of her income at the time of the decree. Because acting jobs were CT Page 4762 rather few and far between, she began work selling advertising for women's newspapers. Her current employment is as sales manager for the newspaper "Fairfield County Woman." She has been employed for nine years with this publication. Prior to that time, she had worked for "Connecticut Woman" which terminated in bankruptcy. She is 67 years of age, has not remarried and lives in a condominium in Bridgeport. She describes her health as good. She describes business for the newspaper as "very bad." In 1990 she had gross income of $58,000.00, in 1991 $54,000.00, and in 1992 $46,000.00. Through her employment she has medical benefits and a $50.00 per week expense allowance. She has traveled extensively in recent years, and with her expenses exceeding her income, she has been unable to save. She has stocks and bonds of $41,000.00, checking and savings of $1,300.00 and an IRA of $41,000.00. She is concerned, however, how she will survive without income and seeks continuance of the current order. This, however, may be a question for a later time.
The marriage of the parties at the time of the decree had been of 32 years duration. There are three grown children issue of that marriage who are now 39, 37 and 32 years of age. The marriage of the parties has now been dissolved for 13 years.
The court has considered all of the factors of 46b-82
of the General Statutes. Having considered all of those factors, the court grants the defendant's motion for modification and reduces the award of alimony from $200.00 per week to $50.00 per week retroactive to March 19, 1993. The arrearage shall be paid within thirty (30) days of the date hereof.
MOTION FOR CONTEMPT
At the time of the filing of the plaintiff's motion for contempt, the defendant was eight (8) weeks in arrears in alimony payments. This has since been paid to March 19, 1993. The parties agreed that any modification would be retroactive to that date. The defendant has made no payments since, not knowing what the amount of alimony might be. He is prepared to pay any arrearage that is determined to be due.
The plaintiff's second ground for contempt is her claim that the defendant is not maintaining life insurance naming the plaintiff as beneficiary as required in paragraph 10 CT Page 4763 of the judgment. There has been much evidence of past history on this issue. It appears that such insurance was maintained immediately after the judgment in 1980 and until 1985 or 1986. There was a period when the beneficiary of his group insurance was his present wife. However, when he was reminded of the provisions of the judgment, he again named the plaintiff as beneficiary of one half of his group life insurance.
At the time of the judgment and until April 1, 1990, the defendant had no knowledge of life insurance policies on his life owned by his employer. These policies were purchased by Connecticut Container Corporation beginning in June, 1972. The company thereafter purchased additional life insurance between 1972 and until 1985 so that there are ten policies in all. The policies were purchased to fund the company pension plan and were in addition to any group life insurance coverage provided for the employees. On April 1, 1990, the defendant took over these policies and the ownership of the policies was changed. His group coverage was terminated on December 31, 1991.
As previously noted, paragraph 10 of the judgment provides that the defendant shall maintain "one-half of his life insurance that he has through his employer for his wife." It is the plaintiff's claim that the ten insurance policies previously owned by the defendant's employer and now owned by him is "life insurance that he has through his employer." The court does not agree with this interpretation. The life insurance referred to in the judgment is that that was provided to him by his employer under the group plan which continued until December 31, 1991 and which, at that time, amounted to $83,000.00. Since the defendant is no longer an employee, he has no life insurance "through his employer." The defendant is not, therefore, in contempt of the court's order in this respect.
The defendant was in arrears at the time of the filing of the plaintiff's motion. The plaintiff seeks attorney's fees and costs. The court allows counsel fees in an amount of $625.00 on the motion for contempt and costs of $25.00 for a total amount of $650.00. The defendant is ordered to pay said sum within thirty (30) days of the date of this decision.
The plaintiff's request for an earnings assignment is denied since the defendant has no "earnings" as defined by52-362(a)(3) of the General Statutes. CT Page 4764
EDGAR W. BASSICK, III, JUDGE