[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This court held a trial to comply with the recent appellate remand at 28 Conn. App. 483, (1992). The following facts preceded this court's hearing: The marriage of the parties was dissolved on October 4, 1984. On May 30, 1986, upon a motion for modification by the plaintiff, Alexander, State Trial Referee, modified the defendant's alimony and awarded her $2,400 per month. On May 16, 1990, the trial court, Steinberg, J., granted the defendant's second motion CT Page 7640 for modification and increased the alimony award to $4,800 per month. On August 29, 1990, the plaintiff filed another motion for modification. On March 13, 1991, Barall, J., granted the motion, and reinstated the trial referee's original order of $2,400 per month. Another appeal was filed and the Appellate Court, Foti, J., found that once the trial court "found a substantial change of circumstances . . . The trial court did not examine the present circumstances of the parties but rather adopted those that existed in 1986." In its remand the Appellate Court ordered . . . "The court must determine, inter alia, the defendant's current needs and the plaintiff's current ability to pay in light of those needs . . ."
This court, after trial, and after examination of the defendant's needs and the plaintiff's ability to pay, evaluating the testimony of the witness and applying the applicable statutory criteria, finds that the plaintiff's alimony orders to be $2,400 per month from March 13, 1991 to the present. The court further orders from the date of this decision that the plaintiff pay to the defendant $2,000 per month until further order of this court — the modification downward is based upon the present income of the plaintiff, noting that his sole source of income is from notes outstanding from properties sold. The stability and ability of the obligors to pay on time and in accordance with the notes are extremely unreliable. Further, the plaintiff is subject to financial obligations in the near future on a presently non-income-producing property.
Based upon this court's present orders, the plaintiff has an arrearage balance of $34,400 alimony and $10,000 professional fees ordered by Steinberg, J. This court orders that one-half of the total arrearage be paid by the defendant within twenty-one days of this decision and the remaining balance due on the 21st day of January of 1994. The professional fees are calculated without interest and the plaintiff, if necessary, is to sell his shares of Southern Company to meet this court's order.
This court has reviewed the transcripts of the two decisional hearings held by Barall, J., with an eye towards the issue of life insurance. It is this court's finding that the plaintiff maintain life insurance in the amount of $144,000 payable upon his death to the defendant. CT Page 7641 The plaintiff is released from maintaining the supersedeas bond filed by him in connection with the stay of the order of May 16, 1990. Each side is to pay his/her own counsel fees.
The plaintiff's motion for modification of August 29, 1990 is granted. The plaintiff's motion to open judgment dated December 9, 1992 is denied.
Raymond R. Norko, J.