[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
This is the plaintiff's postjudgment motion to modify an unallocated order of alimony and child support issued as part of a judgment, dated November 15, 1983, dissolving the parties' marriage.
Paragraph six of the judgment incorporated by reference a separation agreement, dated June 10, 1983, which agreement requires the plaintiff to pay to the defendant, as unallocated alimony and child support, the sum of $35,000 per year plus any increases in the plaintiff's military pension. Presently, this obligation comes to $41,000 per year. The plaintiff has faithfully paid this obligation since the date of judgment. By the terms of the agreement, the plaintiff's obligation in this regard effectively terminates when his youngest daughter attains an age of twenty-three years, which event will occur in about two years.
In June 1993, the plaintiff was employed by the Florida Power and Light Company and received a gross pay of over $70,000 per year from such employment. At that time his employer alerted the plaintiff that it was likely, because of a reduction in staff, that his job would be eliminated in the near future. Heeding this warning, the plaintiff sought more secure employment in his profession, nuclear engineering, by sending out 600 to 700 resumes to prospective employers. The plaintiff is sixty-three years old and is a high school graduate. Although he has worked in the nuclear engineering field for many years, he has no college degree in this or any other area. Because of industry wide job cutbacks and his lack of academic credentials, the job prospects for the plaintiff in his profession are dismal.
By September 1993, the plaintiff was told by Florida Power and Light that he could agree to leave their employ and receive four months salary as severance pay or be terminated involuntarily without severance pay. Faced with these alternatives, the plaintiff accepted his employer's offer to leave work with severance pay, which pay commenced on December 1, 1993. The plaintiff's extensive efforts to obtain new employment have been unsuccessful. As a result of the loss of his employment income and exhaustion of his severance pay, the plaintiff now experiences a substantial diminution in his total income. This loss forms the basis for this motion to modify. Because he is over sixty-two years of age, the plaintiff is currently eligible for social security benefits at a rate of about $900 per month. The plaintiff, however, has refrained from applying for such benefits CT Page 4916 because, if he waits until he is sixty-five years old, his benefits would be $1200 per month.
The dissolution judgment in this case predates P.A. 87-104, which public act removed the lack of contemplation requirement with respect to claims of substantial change of circumstances before a modification of alimony or support could be ordered under General Statutes § 46b-86. Because this judgment predated that amendment, the provision requiring than any substantial change of circumstances be uncontemplated at the time of the judgment is still in force, [Davak v. Davak], 210 Conn. 462, 473 (1989); and [Fisher v. Fisher], 25 Conn. App. 82, 84 (1991).
Based on the evidence presented in this case, the court finds that the plaintiff has satisfied his burden of showing a substantial change in circumstances has arisen which was not contemplated by the parties at the time the marriage was dissolved, viz. that at age sixty-three the plaintiff would suffer an effective lay off by his employer, which loss of employment resulted in a significant drop in the plaintiff's income. The court also finds that the plaintiff has made and is making reasonable efforts to regain employment. But the court also finds that the plaintiff has at his disposal the means to soften the impact of this loss of income because he is currently eligible to receive social security benefits and has chosen to defer applying for these benefits for financial reasons.
The court also finds that the plaintiff's present ability to generate income is substantially equivalent to his pension income plus $900 per month in available social security benefits. The sum of these amounts is approximately $575 per week (military pension) plus $40 per week (C.E. pension) plus $210 per week (potential social security benefits) for a total of $825 per week net income capacity. Considering all the factors set forth in General Statutes §§ 46b-82 and 46b-86, the court opens the judgment and modifies it to the extent of reducing the plaintiff's unallocated alimony and support obligation to $350 per week retroactive to March 21, 1994.
Sferrazza, J.