[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a postjudgment motion to modify an award of alimony which obligates the plaintiff to pay the defendant $150 per week. The plaintiff claims that a substantial change in circumstances, which was uncontemplated by the parties at the time of dissolution, has arisen which warrants a reduction of this alimony order. The parties orally stipulated to the essential facts underlying the motion.
On July 18, 1985, Judge Barry entered a judgment dissolving the marriage and ordered, inter alia, that the plaintiff pay alimony of $150 per week to the defendant. The judgment did not transfer to the defendant any interest in the plaintiff's future right to pension payments.
In March 1993, the plaintiff, who had worked his way up to the position of a training manager with the Pratt and Whitney company, CT Page 5083 was notified that, after thirty-seven years employment with that company, his employment was being terminated as part of an extensive layoff of employees. He would receive one year of severance pay, which pay ended March 1994. The plaintiff, who is now fifty-eight years old, draws $352.91 per week as pension from Pratt and Whitney. At the time of the dissolution, the plaintiff received a net weekly wage of $429.
Because the judgment dissolving the marriage predated P.A. 87-104, which public act eliminated the lack of contemplation statutory provision of General Statutes § 46b-86(a), the requirement that any substantial change of the parties' circumstances be uncontemplated still applies before a modification of alimony may be granted, Davak v. Davak, 210 Conn. 462-473 (1989); and Fisher v.Fisher, 25 Conn. App. 82, 84 (1991). The court finds, based on the stipulated facts, that the plaintiff has satisfied his burden of showing that a substantial change of circumstances has occurred which was not contemplated by the parties at the time of the dissolution, viz. that after thirty-seven years of employment, Pratt and Whitney would terminate the plaintiff.
After considering the factors set forth in General Statutes §§ 46b-82 and 46b-86, the court opens the judgment and modifies the alimony order by reducing the weekly obligation to $75 per week. Also, the plaintiff is ordered to notify the defendant immediately upon obtaining new employment or eligibility to draw upon the assets in his present "401K" plan without penalty.
Sferrazza, J.