[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO MODIFY CODED 127.02, 135 and 139
The defendant filed a number of motions to modify. The motions to modify filed by the defendant coded 127 and 127.01 were not served upon the plaintiff. The motion to modify coded 127.02 was served by a sheriff in hand on the plaintiff on May 20, 1998. The plaintiff filed a request to revise coded 131 seeking to revise the defendant's motion to modify coded 127.02. In response to that request to revise, the defendant filed a revised motion for modification dated September 24, 1998 and coded 135. In response to the plaintiff's motion to strike coded 138, the defendant filed a revised motion for modification coded 139. The plaintiff claims that the revised motion to modify substantially changed the nature of the defendant's claims and constitutes a new motion. The plaintiff further claims that since the revised motion to modify alimony coded 139 was not served on the plaintiff in accordance with § 52-50 is therefore not subject to retroactive modification. The court is not persuaded by that argument. The court in Bartlett v. Bartlett, 220 Conn. 372, 384
(1991) stated in part as follows:
 No order for periodic payment of permanent alimony or support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order from the date of service of such pending motion upon the opposing party pursuant to section 52-50. [Emphasis added.]
The court is satisfied that the original motion to modify that was served upon the plaintiff forms the basis for the court in its discretion to enter a retroactive order. There is before the court a motion to modify (coded 127.02) as revised. That motion to modify was never stricken. Therefore, the motion to modify coded 127.02 is subject to retroactive modification to any period during which it was pending. CT Page 305
The trial on the defendant's motion to modify started on August 25, 1999.
The plaintiff also argues that as a matter of law that the defendant must allege and prove not only that there has been a substantial change in financial circumstances of the parties, but also that the change was uncontemplated at the time of the entry of the judgment. Darak v. Darak, 210 Conn. 462, 472 (1989);McGuinness v. McGuinness, 185 Conn. 7, 9 (1981); and Harland v.Harland, 5 Conn. App. 355.
The court is not persuaded by that argument.
In Fisher v. Fisher, 30 Conn. App. 324, 326 (1993) the court stated in part as follows:
 The amendment of General Statutes § 46b-86 (a) by No. 90-213, § 46, of the 1990 Public Acts, and our Supreme Court's holding in Turner v. Turner, 219 Conn. 703, 595 A.2d 297 (1991), renders this appeal moot. "The legislature's prompt action in adopting the expressly retrospective language of [Public Act No.] 90-213, § 46, unambiguously clarifies its original intention that [Public Acts 1987, No.] 87-104 [General Statutes § 46b-86] applies to all alimony and support orders regardless of the date on which they were entered."[2] (Emphasis added.) Turner v. Turner, supra, 717; Fisher v. Fisher, 28 Conn. App. 483, 487 n. 2, 611 A.2d 440 (1992). The amendment removes the requirement that the substantial change in circumstances not be contemplated at the time of the dissolution to support a modification. Turner v. Turner, supra; see also 1990 Public Acts, No. 90-213, 46. The plaintiff's argument that the trial court improperly found that the substantial change in circumstances was not contemplated therefore is moot.
 [2] While the plaintiff asserts that Public Acts 1990, No. 90-213, § 46, amending General Statutes § 46b-86 (a), applies only to modification of child support orders, our Supreme Court has not followed this interpretation. Turner v. Turner, 219 Conn. 703, 595 A.2d 297 (1991). The General Assembly has yet to limit the scope of the Supreme Court's construction of the statute and is presumed to be aware of judicial construction placed on its enactments. Lumbermans Mutual Casualty Co. v. Huntley, 223 Conn. 22, 30, CT Page 306 610 A.2d 1292 (1992); DeAlmeida v. M.C.M. Stamping Corporation, 29 Conn. App. 441, 451, 615 A.2d 1066 (1992). Without such an amendment, the Supreme Court's interpretation that No. 90-213, § 46, of the 1990 Public Acts applies to all alimony and support orders regardless of the date on which they were entered is controlling and binding on us.
It is clear from the holding in Fisher, supra, that the requirement that a substantial change in circumstances not be contemplated at the time of dissolution no longer exists.
The threshold question before the court is whether there has been a substantial change in circumstances from the time of dissolution to the present time. Many of the facts are not in dispute. The marriage between the parties was dissolved on January 26, 1982. The trial court found in part as follows:
 The plaintiff works part-time only primarily due to the young ages of the children. Her income can reasonably be expected to remain in the range of $50 to $75 per week. The defendant is earning approximately $50,000 from the automobile business. In 1980, his corporation paid him $17,099 for travel and entertainment expenses. In the year of 1980, the defendant's automobile business grossed $3,440,000, and in the year 1981, the business for the first six months grossed $1,786,000. From January to August, 1981, the defendant withdrew from his corporation $31,500.
The revised motion for modification of alimony coded 139 alleges in part as follows:
 1. On January 26, 1982 judgment for dissolution of the marriage of the parties was entered in the above captioned matter (the "Judgment").
 2. By the terms of the Judgment the husband was ordered to pay the wife the sum of $200.00 per week as periodic alimony.
 3. On the date of Judgment the court found that the defendant was earning approximately $50,000.00 from his automobile business.
 4. On the date of Judgment the court found that plaintiff's income could be reasonably expected to remain in the range of CT Page 307 $50.00 to $75.00 per week. In fact, the plaintiff's Financial Affidavit at the time of the Judgment indicated that she was unemployed.
 5. The amount which the husband was ordered to pay for alimony represents an unreasonable portion of his current income.
 6. Upon information and belief the plaintiff currently earns a substantial income and is in possession of substantial assets.
The plaintiff is presently employed as an administrative assistant at Yale University with a gross weekly income of $656 and a net weekly income of $437. The court finds that this fact alone constitutes a substantial change in circumstances.
At the present time, the defendant is self-employed selling used automobiles. His gross weekly income is approximately $480 and his net weekly income is approximately $408. The court finds that there is no credible evidence that the defendant has voluntarily reduced his earnings. The court further finds that the defendant's interest in the new automobile business he owned on the date of the dissolution is no longer owned by him through no fault of his. The court finds that the reduction in the defendant's earnings from $50,000 at the time of dissolution annually to his present net weekly income of approximately $408 also constitutes a substantial change in circumstances.
This court has considered all of the statutory criteria in determining the issue of modification of the alimony order and enters the following orders.
 ORDERS
1. The $200 weekly alimony order is modified to one ($1) dollar weekly retroactive to January 5, 1999. In the event there has been any overpayment of the alimony order as a result of the alimony order as a result of this decision, such overpayment is to be repaid by the plaintiff to the defendant at the rate of $40 weekly commencing one week from the date this decision is filed.
2. In the event the $40 weekly payments are not paid on time, then interest on the unpaid balance is to be paid at the rate of 8 percent per annum. CT Page 308
Axelrod, J.