HELEN F. MISINONILE *v.* JOSEPH C. MISINONILE
(12581)

FOTI, LAVERY and LANDAU, Js.

Argued February 15—decision released July 26, 1994

*Abraham I. Gordon,* with whom were *Ronald D. Japha* and, on the brief, *Richard S. Scalo,* for the appellant (plaintiff).

*Thomas J. Rosati,* with whom, on the brief, was *John F. Bigley,* for the appellee (defendant).

FOTI, J. The plaintiff appeals from the judgment of the trial court granting the defendant's motion for downward modification of periodic alimony awarded to the plaintiff upon the dissolution of their marriage, and denying her motion seeking an upward modification. The issue is whether the court abused its discretion in reducing that award.

The parties' nineteen year marriage was dissolved in 1980. At that time, the trial court ordered the defendant to pay the plaintiff $200 per week in periodic alimony and $25 per week for child support.[1] In 1981, the child was made a ward of the state and the alimony payment was reduced to $175 per week.

On March 4, 1993, the defendant filed a motion for downward modification of alimony and, on March 30, 1993, the plaintiff filed a motion seeking an increase

---

[1] The defendant appealed, and the judgment was affirmed by our Supreme Court in *Misinonile* v. *Misinonile,* 190 Conn. 132, 459 A.2d 518 (1983).

in alimony. Both motions for modification were filed pursuant to General Statutes § 46b-86 (a).[2]

The parties stipulated that the financial affidavits filed by them in 1980 would be utilized by the trial court for comparison purposes with respect to their motions for modification. At the time of the decree of dissolution and as reflected in the 1980 financial affidavits, the defendant was employed at Sikorsky Aircraft and earned gross wages of $378 per week and a net of $234 per week. The plaintiff had part-time employment with gross wages of $101 per week and net wages of $78 per week.

The plaintiff has not been employed since 1981 when she left her employment because of a degenerated disc. At the time of the motions for modification, the plaintiff was sixty-seven years of age and was receiving $105 per week in Social Security payments. Although she continues to suffer from a mental disorder requiring treatment and prescription medication, she manages her own house, drives an automobile and babysits for her nine grandchildren from time to time.

The defendant, who has remarried, retired from Sikorsky in 1993, at age sixty-eight, after thirty-three years of employment there. He receives a pension of $325 per week and $258 per week in Social Security payments. He has had a thyroid condition for thirty-five years, and requires surgery for a hemorrhoidal ailment. His hearing has been impaired since World War II.

In deciding the motions for modification, the trial court found that the defendant's retirement constituted

[2] General Statutes § 46b-86 (a) provides in pertinent part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support . . . may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party . . . ."

a substantial change of circumstances, granted his motion and reduced the order of alimony payment to $100 per week. The court, while concluding that "the plaintiff's situation is a fragile one," denied her motion seeking an upward modification.[3]

The plaintiff argues that the trial court abused its discretion in granting the defendant's motion and reducing his obligation on the basis of a substantial change of circumstances that consisted of a voluntary reduction in income. In addition, the plaintiff argues that the reduction was improper because the defendant has higher earnings, a higher earning capacity and better financial circumstances than when the original alimony order was made. We affirm the judgment of the trial court.

"We will not disturb a trial court order unless there has been an abuse of discretion or unless the finding of the trial court has no reasonable basis in the facts." *Siracusa* v. *Siracusa,* 30 Conn. App. 560, 566, 621 A.2d 309 (1993). This court will not substitute its judgment for that of the trial court, which has broad discretion in domestic relations matters. *Fisher* v. *Fisher,* 28 Conn. App. 483, 487, 611 A.2d 440 (1992).

The principal issue in this matter[4] is whether "a reasonable basis exists in the facts that a substantial change of circumstances could reasonably have been found." Id. The plaintiff argues that the voluntary retirement of the defendant is not a reasonable basis

---

[3] The trial court, recognizing that the plaintiff had limited liquid assets for attorney's fees, granted the plaintiff an allowance of counsel fees of $750.

[4] The plaintiff also claims that the defendant failed to show that the substantial change of circumstances was not contemplated by the parties. In addition to the fact that this claim was not raised at the trial court level, such a determination is not required. *Turner* v. *Turner,* 219 Conn. 703, 717, 595 A.2d 297 (1991); *Fisher* v. *Fisher,* 30 Conn. App. 324, 326, 620 A.2d 189, cert. denied, 227 Conn. 904, 632 A.2d 687 (1993); *Fisher* v. *Fisher,* supra, 28 Conn. App. 487.

for this finding.[5] We do not agree under the particular circumstances of this matter.

The trial court has the best opportunity to observe the parties, pass on the credibility of witnesses and weigh and interpret the evidence. *Rostain* v. *Rostain,* 214 Conn. 713, 716, 573 A.2d 710 (1990). When reviewing a claim that the trial court abused its discretion, every reasonable presumption should be given in favor of its correctness, and the ultimate issue is whether the court could have reasonably concluded as it did. *Puris* v. *Puris,* 30 Conn. App. 443, 449, 620 A.2d 829 (1993).

Our review of the record discloses no basis for a finding that the defendant retired for the purpose of avoiding or reducing his obligation. Rather, the defendant, who had been eligible for retirement six years earlier, chose, after working for thirty-three years with health problems, to retire at age sixty-eight. Under such circumstances, it is not unreasonable for the defendant, as he stated, to be "tired" and to seek the less strenuous and demanding lifestyle offered by retirement. The trial court chose to credit the defendant's testimony. On the basis of these facts, we conclude that the finding of the court, that there was a substantial change of circumstances, was neither unreasonable nor constituted an abuse of discretion. *Paddock* v. *Paddock,* 22 Conn. App. 367, 372, 577 A.2d 1087 (1990).

The plaintiff further argues that the trial court improperly found a substantial change in circumstances

---

[5] The plaintiff relies in part on *Lawler* v. *Lawler,* 16 Conn. App. 193, 204, 547 A.2d 89 (1988), appeal dismissed, 212 Conn. 117, 561 A.2d 128 (1989), for this proposition. In affirming the trial court's order that the alimony award be nonmodifiable until the plaintiff reached age sixty-two, this court stated, "[i]t is clear from this order that the court left open the possibility for modification by the plaintiff *after* [he turned sixty-two] should he opt for early retirement . . . ." In so doing, the court did propose a reasonable age for retirement and suggested that retirement at such age might be sufficient ground for the modification of an alimony award.

and reduced the obligation because the defendant's assets increased after retirement to a level greater than his income and assets at the time of dissolution. We do not agree.

Our inquiry is limited to whether the court correctly applied the law and whether it could reasonably conclude as it did. *Leo* v. *Leo,* 197 Conn. 1, 4, 495 A.2d 704 (1985). The trial court must consider the relevant statutory criteria; *Weiman* v. *Weiman,* 188 Conn. 232, 234, 449 A.2d 151 (1982); and may place varying degrees of importance on each criterion according to the factual circumstances of each case. *Carpenter* v. *Carpenter,* 188 Conn. 736, 740–41, 453 A.2d 1151 (1982). The trial court stated that it considered the factors of General Statutes § 46b-82 "to determine what is a fair and equitable amount of alimony." "It is a basic principle of law that common sense is not to be left at the courtroom door." *State* v. *Perez,* 10 Conn. App. 279, 291, 523 A.2d 508, cert. denied, 203 Conn. 810, 525 A.2d 524 (1987). The defendant's earnings increased by approximately 4 percent per year for the thirteen years after the dissolution of the marriage. Such an increase in salary may be seen as no more than normal adjustments and the effects of inflation over a long period of time. The trial court found the shortfall between the defendant's expenses and his current income to be $130 per week. In addition, the trial court specifically found that the shortfall between the plaintiff's expenses and income was offset in part by contributions from her son.

In family matters, the court exercises its equitable powers, and the balancing of equities is a matter that falls within its discretion. *Lawler* v. *Lawler,* 16 Conn. App. 193, 204, 547 A.2d 89 (1988), appeal dismissed, 212 Conn. 117, 561 A.2d 128 (1989). Equitable remedies are not bound by formula but are molded to the needs of justice. *Oneglia* v. *Oneglia,* 14 Conn. App. 267,

271–72, 540 A.2d 713 (1988). Our review discloses that the trial court's factual findings are supported by the evidence and its conclusions are in accordance with the law. Further, we presume that the trial court properly considered all of the evidence submitted by the parties. *Rummel* v. *Rummel,* 33 Conn. App. 214, 222, 635 A.2d 295 (1993). The plaintiff has failed to demonstrate that the trial court abused its discretion in modifying the award of alimony payments.[6]

The judgment is affirmed.

In this opinion LAVERY, J., concurred.

LANDAU, J., dissenting. I agree with the majority that a reasonable basis exists in the facts as to a substantial change of circumstances to permit the trial court to entertain the motion for modification; I do not agree with the majority that the trial court was correct when it reduced the alimony award from $175 per week to $100 per week.[1]

The trial court has broad discretion in domestic relations cases and review is limited to whether the court's conclusions were correct in law and reasonably reached on the basis of the evidence presented. *Cattaneo* v. *Cattaneo,* 19 Conn. App. 161, 166, 561 A.2d 967 (1989). This court will not substitute its judgment for that of the trial court unless there has been an abuse of discretion or the findings lack a reasonable basis in fact. *Paddock* v. *Paddock,* 22 Conn. App. 367, 372, 577 A.2d 1087 (1990). "Where the legal conclusions of the trial

---

[6] Having so concluded, we find it unnecessary to address the plaintiff's claim that the trial court improperly denied her motion for modification.

[1] I also agree with the majority that, contrary to the plaintiff's claim, a determination that the substantial change in circumstances was "not contemplated by the parties" is unnecessary. General Statutes § 46b-86 (a); *Turner* v. *Turner,* 219 Conn. 703, 717, 595 A.2d 297 (1993); *Fisher* v. *Fisher,* 30 Conn. App. 324, 326, 620 A.2d 189 (1993).

court are challenged, on appeal those conclusions are subject only to the test of abuse of discretion. *State* v. *Arbour,* 29 Conn. App. 744, 748, 618 A.2d 60 (1992). 'Discretion means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . The salient inquiry is whether the court could have reasonably concluded as it did. . . . It goes without saying that the term abuse of discretion does not imply a bad motive or wrong purpose but merely means that the ruling appears to have been made on untenable grounds.' (Citations omitted; internal quotation marks omitted.) Id. 'In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action.' *E. M. Loew's Enterprises, Inc.* v. *Surabian,* 146 Conn. 608, 612, 153 A.2d 463 (1959). Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did. *Timm* v. *Timm,* 195 Conn. 202, 210, 487 A.2d 191 (1985)." *Burke* v. *Avitabile,* 32 Conn. App. 765, 770–71, 630 A.2d 624, cert. denied, 228 Conn. 908, 634 A.2d 297 (1993).

After the trial court found a substantial change of circumstances and was able to consider the merits of the motion to modify, it then considered the factors embraced in General Statutes § 46b-82. It found the plaintiff's shortfall to be $127 per week and the defendant's to be $130. The record exhibits, in the only affidavits available,[2] that there had been an *increase* in the defendant's weekly net income from $234.04 to $582.18, and a *decrease* in his shortfall from $222.92

---

[2] The parties had stipulated that the trial court treat the affidavits filed on August 7, 1980, and those filed in March and April, 1993, as applicable to the parties' respective motions for modification.

to $128.82.[3] The plaintiff's affidavit demonstrates an increase of weekly net income from $228.01 to $274.51, and an increase in her shortfall from $96.62 to $116.96. After the dissolution, the defendant acquired a house by devise. He sold it, and, after purchasing another house, was left with $69,000. He gave $20,000 to his daughter and invested in stocks. The defendant retired one month before the date of the modification hearing, and earned $53,333 for federal income tax purposes the year previous to his retirement. The record also indicates that the defendant placed a deposit of $12,000 towards the purchase of a 1993 Chevrolet one month before the modification hearing.

The majority states that the defendant's increase in salary "may be seen as no more than normal adjustments and the effects of inflation over a long period of time." While this is the cornerstone on which the majority builds, I see no evidence of this in the record.

The standard for reversal of a trial court's discretionary finding is high and appropriately so. When that standard has been met, however, a reversal is dictated. I would reverse the judgment of the trial court, and direct the court to hear both motions to modify.

---

[3] The defendant's expenses were $455 in 1980 and are now $711.