[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is the defendant's postjudgment motion to modify alimony.
On March 31, 1982, the court, Satter, J., entered a dissolution judgment ending the parties' twenty year marriage. As part of the judgment, the court ordered the defendant to pay to the plaintiff $30 per week periodic alimony. On May 29, 1984, the court, Brenneman, J., granted the plaintiff's motion to modify the alimony award and raised the weekly obligation to $60 per week. On December 19, 1994, the defendant filed the present motion for modification specifically alleging as a substantial change in circumstances that the defendant has retired.
On April 3, 1995, the court held an evidentiary hearing on this motion and finds the following facts. Sometime shortly before February 1994, the defendant, who was then employed as a senior layout analyst by the Pratt and Whitney company, was informed by his employer that the department in which he worked was to be eliminated. The defendant was offered the opportunity to leave employment in exchange for a severance package which included a substantial, lump sum severance payment. In addition, because of CT Page 4002 his years of service and because he was fifty-five years of age, the defendant was eligible to retire and receive pension benefits. The alternative was to decline the severance offer and risk lay-off without severance pay. The defendant decided to accept the severance offer and began early retirement on February 1, 1994.
According to the defendant's financial affidavits, the defendant's net weekly wage on May 29, 1984, the date the alimony order was last modified, was around $520 per week. The defendant's present net weekly pension payment is around $380 per week. The court finds that the defendant, who is now fifty-six years old, has neither obtained nor sought employment since his retirement from Pratt and Whitney on February 1, 1994.
Voluntary retirement can be a reasonable basis for a finding of a substantial change of circumstances warranting downward modification of periodic alimony, Misinonile v. Misinonile,35 Conn. App. 228, 232 (1994). In that case a sixty-eight year old obligor with significant health problems choose to retire some six years after he was eligible to do so. The Appellate Court recognized it was reasonable for that obligor to choose the "less strenuous and demanding lifestyle offered by retirement," Id. The defendant in the present case stands in a different position. He is fifty-six years old and in good health. He possesses carpentry skills which he has used in the past to augment the income provided by his employment as a layout analyst.
The party seeking modification of an award of alimony bears the burden of proving a substantial change of circumstances has occurred, Bunche v. Bunche, 180 Conn. 285, 290 (1980). The court finds that the defendant has failed to prove his early retirement has resulted in a substantial change in circumstances warranting modification of alimony under General Statutes § 46b-86(a). It is well-established that in marital dissolution cases financial awards may be based on earning capacity rather than on actual earnings,Lucy v. Lucy, 183 Conn. 230, 234 (1981). Such consideration is especially appropriate when the obligor has voluntarily left employment, Paddock v. Paddock, 22 Conn. App. 367, 371 (1990): Hartv. Hart, 19 Conn. App. 91, 95 (1989).
The court finds that the defendant's income-generating capacity remains essentially unchanged since the last modification of alimony. He receives about $140 per week less from his pension payment than he received as pay in May 1984. Although the defendant is fifty-six years old and it is unlikely he could obtain CT Page 4003 employment as a senior layout analyst, the court finds that he is capable of securing part-time or full-time employment in some other capacity to supplement his pension sufficiently to make up for the $140 difference. The defendant's failure to attempt to find other employment militates against a conclusion that his income capacity is substantially lower than it was in May 1984.
Because the sole allegation of a change in circumstances is the defendant's retirement and because the court finds this allegation unproven, the motion to modify is denied.
Sferrazza, J.