[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DE: PLAINTIFF'S MOTION TO TERMINATE AND/OR MODIFYALIMONY (#122) THE DEFENDANT'S MODIFICATION (#129) AND DEFENDANT'S MOTIONFOR CONTEMPT (#133)
The current order of $24,000.00 annual periodic alimony n CT Page 3243 this post-judgment matter was entered on August 11, 1989. At that time the plaintiff had retired but he was receiving $30,000.00 per year as consideration for a covenant not to compete. The last payment was received in September, 1995. The memorandum of decision which entered the current order noted it to be "a return of capital".
In addition, the plaintiff was receiving income from his investment portfolio, listed in his financial affidavit as worth $1,100,000.00 as of August 4, 1989 and as generating gross weekly income of $913.00. The court made no finding as to the plaintiff's net disposable income, observing
 "He is in effect living off his assets at this time." He had remarried and has started a new family.
The defendant was then gainfully employed in the dietary kitchen at Silver Hill earning $15,000.00 annually. Her expenses totaled $2,468.00 monthly. She is still employed by the same employer.
On August 11, 1989 the plaintiff was 63 and the defendant 65.
Currently, the plaintiff's securities portfolio has grown to $3,075,753.00 as shown on his March 18, 1996 financial affidavit which provides him with a monthly social security of $942.00 and $75.00 monthly from a limited partnership. His net disposable monthly income is stated to be $6,667.00.
The plaintiff's gross income from his investments was $39,259.00 in 1989. Today it is $70,800.00. Even if the $30,000.00 is income, which has not been proven and which was characterized as "return of capital" in the 1989 opinion, the total cash flow of the plaintiff is virtually unchanged.
The plaintiff cites Misinonile v. Misinonile, 35 Conn. App. 228
which is not on point for the plaintiff was retired at the time of the 1989 hearing and order.
The plaintiff cites Denley v. Denley, 38 Conn. App. 231 which is not on point for the plaintiff has not liquidated any securities nor is the plaintiff spending principal.
The plaintiff faults the defendant for retaining, as her home, a Darien residence valued at $750,000.00 and is free and CT Page 3244 clear of lien or mortgage.[1] The plaintiff's portfolio contains 21,745 shares of Coca Cola common which pays 1.24% current annual yield. Without a tax analysis of each party's exposure to potential capital gain upon liquidation of said respective assets, the court can draw no useful inference from the plaintiff's argument.
The defendant's earnings from employment have increased to $1,825.28 monthly gross and $1,330.00 net after taxes. In addition, she now receives $524 monthly without penalty for working but $438.00 net after taxes. She also has interest income net of taxes of $120.00 monthly.
Having contrasted the circumstances existing at the time of the entry of the current order with the present circumstances, as directed by Borkowski v. Borkowski, 228 Conn. 729, the court finds that the plaintiff's income from investments has doubled, the defendant's income has increased but not quite doubled, the defendant's needs are being met without considering the needs of the adult son, and that neither party has established a basis for any modification of the alimony order. Both motions (#122) and (#129) are denied.
The plaintiff shall appear on April 29, 1996 at 2 P.M. before the undersigned to defend the defendant's allegation of contempt if the arrearage is not paid in full prior to that day.
HARRIGAN, JUDGE