[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR TERMINATION ORMODIFICATION OF ALIMONY (DOCKET ENTRY NO. 142) ANDPLAINTIFF'S OBJECTION THERETO (DOCKET ENTRY NO. 144)
The court has for determination the defendant's Motion for Termination or Modification of Alimony and the plaintiff's objection thereto. This motion came on for hearing following the court's ruling on plaintiff's Motion for Clarification (docket entry no. 140) and plaintiff's Motion to Open the Judgment (docket entry no. 141).
A judgment of dissolution of the parties' marriage was entered on January 14, 1987, before the Honorable William L. Tierney, Jr., State Trial Referee. Trial of this matter took place on December 23, 1986. Judge Tierney in his Memorandum of Decision entered the following order:
"1. Defendant shall pay to plaintiff as alimony the sum CT Page 9112 of $300 per week until her remarriage, death of either party or until defendant retires from his present job, whichever shall first occur. In the event of his retirement, the question of alimony shall be reviewed by this court to determine if it shall continue and, if so, in what amount. The court shall retain jurisdiction of this case for that purpose."
At the time of the trial in this matter, the defendant was employed by Pitney-Bowes Corporation in Norwalk, Connecticut. On August 1, 1994, the defendant retired from Pitney-Bowes Corporation. At that time, he discontinued paying the $300 per week alimony and unilaterally decided to pay the plaintiff $100 per week which he has continued to do until the present time.
At the time of the original judgment, the defendant had net weekly income of $668.23 per week. The plaintiff was then employed by Fancy Food in Norwalk as a cashier. Her net weekly income was $169.68 per week. The plaintiff is not employed at the present time, receives Social Security of $116 per week and a contribution of $100 per week toward household expenses by the plaintiff's daughter who lives with her. The defendant's present weekly income consists of his pension income of $294.83 net per week, his part-time employment with Pitney-Bowes of $302.32 net per week, his Social Security of $185 net per week and interest and dividend income of $22.00 net per week for a total weekly net income of $864.15.
The defendant has married. His wife works at Pitney-Bowes, also. The expenses on his financial affidavit are wholly his.
The defendant's motion properly lies under the terms of the judgment, the defendant having now retired. Under the terms of the judgment, alimony was to terminate upon the defendant's retirement. The question of alimony was then to be reviewed by the court to determine if it should continue and, if so, in what amount. Judge Tierney then, in effect, ordered a "second look" on the question of alimony and its amount, if any. Unfortunately, for a myriad of reasons, this issue has only now come before this court for consideration.
Jurisdiction also lies pursuant to § 46b-86(a) of the General Statutes. The court may modify alimony in accordance with the indicia of § 46b-82 of the General Statutes if the court finds there has been a substantial change of circumstance. The CT Page 9113 court finds that the defendant's retirement by itself constitutes a substantial change of circumstance. [See Misinonile v.Misinonile, 35 Conn. App. 228, 232, cert. denied 231 Conn. 929
(1994).] The court finds that the change in the financial situation of the parties also is a substantial change of circumstances.
In considering whether or not alimony should continue, the court must be guided by the factors of § 46b-82 of the General Statutes. At the time of the judgment, this was a 28 year marriage. The parties had four children, all adults at the time of the judgment. The plaintiff worked keeping the home and raising their four children. She worked little outside the home and then only at jobs which required no special training. She is 63 years of age and is only in fair health. She suffers from impaired hearing, disability of the hand, high blood pressure, is on tranquilizers and has a stigmatism in one eye. She was involved in a motor vehicle accident in March, 1995 and suffers from injuries sustained in that accident, although she has refused to offer details of those injuries. (See June W. Marry v.Nancy Constantini, et al, Superior Court, Judicial District of Fairfield, Docket No. CV96 033 55 74 S.)
The defendant is 66 years of age and must have an operation on his hand for a disability.
Having considered all of the factors of § 46b-82 of the General Statutes, the court denies the defendant's request to terminate alimony. The court finds alimony should continue based upon the length of the marriage, the plaintiff's lack of any meaningful occupation, her lack of an adequate education for meaningful employment and the state of her mental and physical health.
In reaching a determination on the issue of alimony, the court must look to the current net income of the parties. The defendant seeks an order based upon his net pension income, his net Social Security income and his net interest and dividend income. However, he is presently earning part-time employment income with Pitney-Bowes. He does not know how long this job will last and he desires to move to Naples, Florida to a condominium recently purchased. He has testified that this will be as soon as he has straightened out all matters with the plaintiff. There continue to be issues for determination between the parties, so that it is impossible to determine when his part-time employment CT Page 9114 will terminate.
The court's decision on these motions is based upon the parties' current financial circumstances which means that another hearing will have to be held in this matter when the defendant's part-time employment terminates.
The plaintiff's weekly expenses are not as set forth in her financial affidavit. She was somewhat confused in the entry of some of her figures. Her medical insurance figure should be $47.00 rather than $50.53 and the amount she pays for medical and dental expenses would appear to approximate at least $40.00 per week. She has a $2,000 deductible medical insurance policy. She testified that her dental and medical bills total about that deductible. It is unclear whether her $150 per year dental expense is included in this amount or whether her considerable prescription expenses are included in this amount. On the assumption that the unreimbursed medical and dental expenses amount to $40.00 per week, her total weekly expenses are $512. This does not include vacation and entertainment expenses and any allowance for Christmas and birthday gifts. Her total of $550 is certainly fairly close to reality.
Having considered all of the factors of § 46b-82 of the General Statutes, the court orders that the defendant pay to the plaintiff the sum of $300 per week by way of alimony commencing November 15, 1996. It is entirely coincidental that the amount originally ordered by Judge Tierney and the amount now ordered are the same. As previously noted, the figures are substantially different. This court has arrived at an alimony amount without regard to the previous alimony order. The plaintiff shall continue to maintain the $50,000 life insurance policy with Old Line Insurance Company naming the plaintiff as beneficiary thereof in accordance with paragraph 8 of the original judgment (paragraph 4 of Judge Tierney's Memorandum of Decision).
The plaintiff claims an arrearage owed to her of $23,000 based upon the alimony order of $300 per week with but $100 paid for the period August 1, 1994 to date. As the court computes the amount, it would be $200 per week for 120 weeks to November 8, 1996 or $24,000. Plaintiff's claim of arrearage is, nevertheless, denied. Judge Tierney's order terminated alimony on the date of defendant's retirement. The defendant paid no more alimony after that date, nor was he required to do so. So much more reason, then, that alimony must be ordered immediately. CT Page 9115
The defendant's motion for termination of alimony is denied. The defendant's motion for modification of alimony is granted in that the alimony award of $300 per week is reinstated commencing November 15, 1996. Any further modification shall have as its base the financial position of the parties on November 1, 1996.
The plaintiff's objection to the defendant's motion for termination or modification of alimony is overruled.
EDGAR W. BASSICK, III, JUDGE