[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de: THE DEFENDANT'S MOTION FOR MODIFICATION (#201)
Judgment dissolving the parties' marriage was entered on April 15, 1988 (Ballen, J.). An Articulation entitled, "Memorandum of Decision Corrections and Clarification" was filed June 1, 1988. The defendant was awarded periodic alimony payable weekly at the rate of $725.00 until her death, remarriage or cohabitation with an unrelated male. The judgment provided that the defendant's earning capacity shall not be considered a substantial change in circumstances until it exceeds $25,000.00 per year. The court found the plaintiff's earning capacity to be $120,000.00 per year from which the plaintiff was ordered to pay the $37,700 annual alimony. He was then 50% owner of A.M.G. Energy. He also owned Foottrails Publications through which a substantial portion of plaintiff's income was filtered. The defendant was not employed outside the home in 1987 and 1988. Her only source of income was from her husband. When judgment was entered, the plaintiff was 59 and the defendant was 52 years of age. The plaintiff's business interest was found to be the principal asset of the plaintiff. The court further valued his interest in A.M.G. Energy, Inc. at $308,000.00. It is now valueless. The corporation has a pending suit against New Jersey Power Light Co. for $3,000,000.00 damages. This court has no CT Page 13509 evidence on which to place a value on the corporate claim and therefore assigns no value. The plaintiff has not been employed by A.M.G. Energy since June, 1995.
In its decision the court mentioned an I.R.A. of defendant of $2,790.00 and an I.R.A. of plaintiff of $14,524.00. The court's decision stated in its orders: "Each of the parties may retain their own retirement accounts." No other deferred compensation of any form, pension or otherwise, is mentioned in the decision nor is any listed on either party's financial affidavit (computer documents 137 and 140).
The plaintiff applied to the Social Security Administration for retirement benefits, qualifying for medicare as of May, 1996 and for retirement as of July, 1996. As of August, the monthly amount was $1,351.00, less a monthly medicare premium of $42.50. The monthly amount is now $1,395.00. The plaintiff is presently receiving a monthly pension payment of $4,694.00. The court infers that the plaintiff acquired his pension after the dissolution of the marriage to the defendant since it was not before the court when judgment was entered. Ergo, it was not part of the property division. His current affidavit lists "Pension Rights $305,000.00."
Neither party is gainfully employed at the present time. The plaintiff volunteers his time to the School of Practical Philosophy. The reasons for the defendant's failure to be employed is not in evidence, although her current affidavit lists her occupation as "medical assistant/X-ray technician." Since she enjoys a "safe harbor" of $25,000.00 her failure to work appears to need explanation.
There is no question but that the plaintiff has experienced a substantial change in his circumstances since the entry of judgment, thereby allowing an examination of the current order, § 46b-86 (a).
"The court's inquiry is necessarily confined to a comparison between the current conditions and the last court order."Borkowski v. Borkowski, 228 Conn. 729, 738. In applying the criteria of § 46b-82, certain elements do not change, such as the length of the marriage, the causes for the dissolution, and the ages which advance annually.
The court notes that, despite the excess of expenses that are CT Page 13510 over income, the defendant lists total liabilities of $4,947.00 and assets totaling $376,495.00, or a net worth of $371,548.00.
There was an interim order that, on June 4, 1996, the plaintiff owed an arrearage of $7,250.00 as of December 6, 1995 which was subsequently paid. The parties entered into a stipulation dated August 15, 1996 that any modification of plaintiff's alimony obligation would be retroactive to "at least 6/4/96, but allowing plaintiff to argue for an earlier retroactivity date at the hearing." The interim order of $1.00 per year alimony ordered on June 4, 1996, but retroactive to December 11, 1995, was subsequently reopened. The hiatus created by this interim order has not been addressed although the court has searched the file.
The plaintiff has remarried. There is no evidence that the plaintiff's present wife's earnings impact the plaintiff's income by lessening his expenses, McGuinness v. McGuinness, 185 Conn. 7
(1981). The plaintiff received some royalty income in 1996 but there was no evidence that he received any such income in 1997.
The court finds that he did not voluntarily retire, but rather the business could no longer support his employment.Marshall v. Marshall, Conn. Super, 1995, WL 217236 is distinguishable on its facts. More to the point is Misinonile v.Misinonile, 35 Conn. App. 228 (1994) that held that an alimony obligor who retired six years after he was eligible to do so, having significant health problems, was a reasonable act. In the present case, the obligor is four years beyond a normal retirement age of 65. Must the obligor's health fail before he can retire? This court thinks not, particularly in this case where the defendant has not availed herself of the "safe harbor" allowed her. Other than the self serving statement that she "slipped and fell 3/29/97 and is unable to walk without a cane," there is nothing in the record to justify her failure to seek any gainful employment.
The court concludes that the plaintiff's current income, both from Social Security and from his pension, should be treated as income. He acquired the pension after the dissolution entered.
The court grants the plaintiff's motion. He is ordered to pay $200.00 weekly periodic alimony until the death of either party, the remarriage of the defendant or further court order. A contingent wage withholding order is entered. CT Page 13511
Pursuant to the parties' stipulation, this order is retroactive to June 4, 1996. The arrears created by this order shall be paid at the rate of $50.00 weekly. Counsel are directed to prepare a stipulation as to the total arrears to be approved by the undersigned. If no such stipulation is filed by January 15, 1998, the plaintiff's motion is assigned to the Monday Motion Calendar of January 20, 1998 for a finding.
HARRIGAN, J.