[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant seeks a downward modification of his alimony obligation on the ground that his retirement from employment has resulted in a substantial change in his financial circumstances thereby warranting a modification under General Statutes § 46b-86 (a). He also seeks counsel fees. The plaintiff opposes the motion and seeks counsel fees. CT Page 6267 For the reasons stated below, the court reduces the alimony obligation to $2,250.00 a month.
On September 6, 1995, the court (Cutsumpas, J.) dissolved the parties' marriage and incorporated into the judgment the parties separation agreement and a written stipulation. The separation agreement, which is dated February 20, 1990, was previously incorporated by the court (Cocco, J.) into a judgment of legal separation that was entered on February 20, 1990. The agreement provides, in part, as follows:
 3.1 Commencing as of the 1st day of March, 1990, the Husband shall pay to the Wife, during his lifetime, until her death, remarriage, cohabitation or his retirement from employment, whichever event shall first occur, the sum of Three Thousand Three Hundred Thirty Dollars and Thirty Three Cents ($3,333.33) per month as alimony. At the time of the Husband's retirement from employment, the amount of alimony shall be reviewed by the parties and, in the event of disagreement, shall be submitted to a court of competent jurisdiction for determination.
* * *
 11.1 In the event either of the parties to this Agreement shall undergo any substantial change in circumstances either party may petition a court of competent jurisdiction to seek a modification of any judgment for divorce or dissolution of the marriage of the parties which incorporates the terms of this Agreement, such modification shall be based upon the substantial change in circumstances of one of the parties. . . . The parties agree that the Husband's voluntary retirement prior to age 62 shall not constitute a substantial change of the circumstances permitting a modification of this Agreement.
"Modification of alimony, after the date of a dissolution judgment, is governed by General Statutes § 46b-86. "When . . . the disputed issue is alimony, the applicable provision of the statute is § 46b-86 (a), which provides that a final order for alimony may be modified by the trial court upon a showing of a substantial change in the circumstances of either party. . . .' The party seeking modification bears the burden of showing the existence of a substantial change in the circumstances. . . . The change may be in the circumstances "of either party.' (Citation omitted); see General Statutes § 46b-86. The date of the most recent CT Page 6268 prior proceeding in which an alimony order was entered is the appropriate date to use in determining whether a significant change in circumstances warrants a modification of an alimony award. . . . Crowley v. Crowley,46 Conn. App. 87, 699 A.2d 1029 (1997)."
"When presented with a motion for modification, a court must first determine whether there has been a substantial change in the financial circumstances of one or both of the parties. . . . Second, if the court finds a substantial change in circumstances, it may properly consider the motion and, on the basis of the § 46b-82 criteria, make an order for modification. . . . The court has the authority to issue a modification only if it conforms the order to the distinct and definite changes in the circumstances of the parties. . . . The inquiry, then, is limited "to a comparison between the current conditions and the last court order." Id., 92.
On September 1, 2000, the defendant retired from Allstate Insurance Company. At the time, he was 62 years old and had worked for Allstate for 41 years. After considering the conflicting evidence concerning the defendant's decision to retire, the court concludes that it was not unreasonable for him to retire, that he did not do so for the purpose of avoiding or reducing his alimony obligation, and that his income has decreased as a consequence of his retirement. Accordingly, this court finds that the there has been a substantial change in the financial circumstances of the defendant. See Misinonile v. Misinonile,35 Conn. App. 228, 645 A.2d 1024 (1994).
At the time the parties' marriage was dissolved, the defendant's gross yearly income was $134,216.16. See Exhibit B. His income increased after the divorce. Since his retirement, the defendant has been living on his investment income. In March of 2001, he estimated his dividend income at $36,588.00 a year. He has not taken distributions from his pension plan, which at this time would provide an income of $1,735.00 per month. Nor has he not applied for social security, which at this time would provide a benefit of $1,250.00 per month.
The defendant has accumulated approximately $1,122,000.00 in bonds, mutual funds and retirement accounts. See Exhibit C. One of these funds is the pension fund, which is valued by the defendant at $141,547.84. See Exhibit C. These funds are invested in a conservative manner.
The plaintiff contends that the defendant should be earning approximately $66,000.00 on his investments as opposed to $36,000.00. She computes this amount by assuming that all the defendant's funds could be placed in a money market fund with a rate of return of .0575 per cent. The plaintiff also argues that a modest amortization rate should be applied to CT Page 6269 the defendant's funds.
This court concludes that a fair approximation of a gross income for the defendant that should be available for determining alimony is $72,000.00. This court also concludes that the defendant should not be required to amortize his assets.
At the time of the parties' divorce, the plaintiffs gross yearly income was $41,670.20. See Exhibit E. Since the divorce, she has worked full time and has also obtained an associate's degree in nursing. Her present gross yearly income is $65,000.00. See Exhibit D. She has $245,322.93 in investment assets and other assets as shown on her financial affidavit. See Exhibit D.
After considering the foregoing facts in light of the statutory criteria, the court concludes that defendant's alimony obligation should be reduced to $2,250.00 per month. This order is retroactive to January 1, 2001. Each party is to be responsible for his or her counsel fees that were incurred in connection with this proceeding.
 __________________ THIM, JUDGE