# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
September 5, 2001 Session

## RICHARD THOMAS BOGAN v. DORIS MAE BOGAN

**Appeal by Permission from the Court of Appeals, Eastern Section**
**Chancery Court for Sullivan County (Blountville)**
**No. 21988     John S. McLellan III, Judge**

---

**No. E1998-00060-SC-R11-CV - Filed November 8, 2001**

---

JANICE M. HOLDER, J., dissenting.

The majority holds that Mr. Bogan's ability to provide support has been significantly reduced based solely upon a unilateral, voluntary decision to retire. If Mr. Bogan currently is unable to pay Ms. Bogan the alimony she was awarded at the time of the divorce, it is only because Mr. Bogan became dissatisfied with his job and voluntarily decided to leave. His employment was not terminated or in danger of termination. Mr. Bogan decided to retire despite his existing obligation to his former wife. I therefore cannot agree with the majority's decision to reduce Ms. Bogan's alimony and must respectfully dissent.

The majority holds that an obligor's retirement constitutes a substantial and material change simply if the retirement is "objectively reasonable." No factors for consideration are provided to guide our trial courts in determining whether a given retirement is "objectively reasonable." Based upon the majority's analysis of the circumstances in this case, however, it is apparent that only two factors have been considered–the obligor's motive in retiring and the obligor's age at the time of retirement. Because Mr. Bogan's retirement was not motivated to avoid his alimony obligation and because Mr. Bogan's age was "not necessarily so young as to be unreasonable," the majority holds that Mr. Bogan's retirement was "objectively reasonable." I question whether anyone would retire solely to avoid an alimony obligation. Even if the obligor retiree were so motivated, the subjective intent would be nearly impossible to prove. The result of the majority's standard is that a presumption of a substantial and material change is created for retirement, regardless of the financial positions of the parties.

The only other factor considered by the majority to determine "objective reasonableness" is the age of the retiree. The majority fails, however, to provide any meaningful guidance to the trial courts in determining what a reasonable age for retirement might be. According to the majority, it is apparently reasonable for a fifty-nine-year-old man in good health to retire due to job dissatisfaction regardless of his former spouse's obvious financial need. Applying the majority's

holding to future cases, it is hard to conceive of a fact situation under which retirement would *not* constitute a substantial and material change.

The majority opines that Mr. Bogan's retirement is "somewhat of an entitlement." In his dissent, Justice Birch goes so far as to say that the decision to retire is "nearly sacrosanct." I disagree with both statements. Retirement is a privilege enjoyed by those in a financial position to afford it. Although I recognize the right of each individual to pursue happiness and to make reasonable employment decisions, this right must be balanced against the need for support and maintenance. Mr. Bogan's "entitlement" to retirement should be given no greater weight than Ms. Bogan's "entitlement" to a modest standard of living.

Under Tennessee law, an alimony award may be modified if the party seeking modification can prove that there has been a substantial and material change of circumstances since the entry of the judgment of divorce. Tenn. Code Ann. § 36-5-101(a)(1); see, e.g., Brewer v. Brewer, 869 S.W.2d 928, 935 (Tenn. Ct. App. 1993). The majority recognizes that a change in circumstances is considered to be substantial and material only if it significantly affects either the obligor's ability to pay or the obligee's need for support. See Bowman v. Bowman, 836 S.W.2d 563, 568 (Tenn. Ct. App. 1991). In its own analysis, however, the majority fails to consider need and ability to pay in reaching its conclusion that Mr. Bogan's retirement amounts to a substantial and material change in circumstances.

In Tennessee, the two most important factors in deciding issues of spousal support are the need of the party receiving support and the ability of the obligor to pay. Burlew v. Burlew, 40 S.W.3d 465, 472 (Tenn. 2001). Ability to pay is not based upon actual income, but the earning capacity of the obligor. See Tenn. Code Ann. § 36-5-101(d)(1)(A) (statute governing alimony refers to the parties' relative earning capacities); Storey v. Storey, 835 S.W.2d 593, 596-97 (Tenn. Ct. App. 1992) (alimony awarded based upon earning capacity instead of actual income). In this case, there is no evidence that Mr. Bogan's earning capacity decreased, only that his actual income decreased upon retirement. In fact, Mr. Bogan's salary had increased to $8,375 per month before his retirement. In other cases involving the obligor's voluntary reduction of income, Tennessee courts have refused to reduce the initial award of alimony. See, e.g., Watters v. Watters, 22 S.W.3d 817, 823 (Tenn. Ct. App. 1999).

I would favor a less nebulous method for determining whether an obligor's decision to retire constitutes a substantial and material change of circumstances warranting modification of an alimony obligation. The following factors could be considered by the trial court in reaching its determination: 1) the obligor's age and health; 2) the obligor's field of employment; 3) the normal age of retirement for those in that field; 4) the age when the obligor became eligible for retirement; 5) the obligor's motives in retiring, including any pressures to retire applied by the obligor's employer; 6) the ability of the obligor to maintain support payments following retirement; 7) the obligee's level of financial independence; 8) the opportunity of the obligee to prepare to live on reduced support; and 9) any other relevant factor affecting the obligor's decision to retire and the parties' respective financial positions. See Misinonile v. Misinonile, 645 A.2d 1024, 1026-27 (Conn. App. Ct. 1994); Rahn v.

Rahn, 768 So. 2d 1102, 1105 (Fla. Dist. Ct. App. 2000); Deegan v. Deegan, 603 A.2d 542, 546 (N.J. Super. Ct. App. Div. 1992).  These factors take into consideration the circumstances surrounding the obligor's retirement, including the touchstone factors of need and ability to pay.

The majority acknowledges that Ms. Bogan still has financial need.  In fact, the majority acknowledges that Ms. Bogan's monthly income without alimony is approximately $1,614.75 less than that needed to cover her current monthly expenses.  Ms. Bogan is unable to support herself without the original award of alimony in futuro.  Cf. Crabtree v. Crabtree, 16 S.W.3d 356, 359 (Tenn. 2000) ("[A]limony in futuro should be awarded only when the trial court finds that 'economic rehabilitation is not feasible and long-term support is necessary.'") (quoting Self v. Self, 861 S.W.2d 360, 361 (Tenn. 1993)).  I therefore find it appalling that the majority would approve of a decrease in her monthly alimony from $2,300 to $945.  This reduction will serve to impoverish Ms. Bogan, while Mr. Bogan's standard of living will remain largely unaffected.  Even without further increases in her monthly expenses, Ms. Bogan will experience a shortfall of $8,000 per year.  I question whether Ms. Bogan will receive any comfort from the fact that a majority of this Court has permitted her alimony to be slashed because the majority has held that the retirement was "objectively reasonable" and "taken in good faith and without intent to defeat the support obligation."

This is a simple case.  Ms. Bogan has a need for further financial support, and Mr. Bogan still has the ability to provide that support.  I would reverse the trial court's judgment modifying the alimony award in this case and reinstate the original alimony award to Ms. Bogan of $2,300 per month as provided in the parties' divorce decree.

_____
JANICE M. HOLDER, JUSTICE
