# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
September 5, 2001 Session

## RICHARD THOMAS BOGAN v. DORIS MAE BOGAN

**Appeal from the Court of Appeals, Eastern Section**
**Chancery Court for Sullivan County**
**No. 21988(T)     John S. McLellan III, Chancellor**

---

**No. E1998-00060-SC-R11-CV - Filed November 8, 2001**

---

ADOLPHO A. BIRCH, JR., J., concurring and dissenting.

I write separately in this case to address a single issue of paramount significance here: the decision to retire and just how much scrutiny it should receive in the factual context of the case under submission. Assuredly, I concur in the result reached by the majority, which reinstates the trial court's reduction of Bogan's support obligation. I disagree, however, with the breadth of the reasoning used to reach that result. In my view, the decision to retire, particularly among workers nearing the ends of their careers, is personal, private, and nearly sacrosanct. Thus, I am compelled to clarify that I would limit the majority analysis to those cases involving obligors who have not yet reached the age for Social Security eligibility, presently age 62. In cases involving obligors who decide to retire after age 62, I would not subject the retirement decision to the analysis embraced by the majority.[1]

The majority establishes the rule that a retirement decision must be objectively reasonable in order for it to constitute a substantial and material change upon which a modification of support may be based. To the extent the majority holds that we should not require any specific standard for showing that the retirement was taken in good faith, other than to require that the primary purpose of the retirement cannot be to defeat the support obligation, I agree. I differ, however, with the majority position that those obligors who have reached the final years of their careers should bear the burden of showing that their retirement satisfies any objective standard. Though I disagree, obviously, with Justice Holder's ultimate conclusion in her dissent, I share her concerns that the majority inquiry into objective reasonableness may be too "nebulous" to promote consistency and fairness among the trial courts who will be expected to apply it, at least in cases involving workers nearing the ends of their careers. Among the factors that motivate an individual to retire may be considerations so intangible, emotional, personal, and intimately subjective that it would be

---

[1] Bogan retired three weeks before his sixtieth birthday; therefore, I agree that his decision to retire should be subject to the majority analysis. I concur separately, however, because the reach of the majority holding will make it difficult, if not impossible, for this Court to later revisit this issue to avoid unduly burdening older workers.

impossible to quantify those considerations in an objective analysis. This is even more certain to be true as the individual nears the long-expected promise of retirement.

In place of the "objectively reasonable" standard, I would substitute a "presumptively reasonable" standard in cases involving retirement decisions made by those persons over 62 years of age.[2] Under this standard, retirement decisions made by persons over age 62 would be presumed reasonable in the alimony modification context, and the burden would be on the obligee to make a threshold showing that the obligor was acting in bad faith by retiring solely to defeat payment of alimony. I emphasize that, upon such a threshold showing, the presumption of reasonableness would be rebutted, and because the retirement decision constitutes but a single part of a greater fabric, the trial court would move on to complete the rest of the alimony modification analysis. Through the use of this "presumptively reasonable" standard, the retirement decisions of workers nearing the ends of their careers would not be unduly burdened by being subjected to "stricter scrutiny," whether by way of the majority "objectively reasonable" analysis or by use of the nine factors proposed in Justice Holder's dissent.

When the case under submission was before the Court of Appeals, Judge Susano, writing in dissent, properly and thoughtfully noted that "there is not one iota of proof" that Bogan retired in order to avoid his obligation to pay alimony to his former spouse. In the absence of such proof, our inquiry should be limited to Bogan's ability to pay. The Superior Court of Pennsylvania reached a similar conclusion in Commonwealth ex rel. Burns v. Burns, 331 A.2d 768 (Pa. Super. Ct. 1974). There, the court held that voluntary retirement would be a ground for reduction of alimony if not done for the sole purpose of reducing the funds available for alimony payments. See id. at 770. The court stated, "If the evidence demonstrates that [the obligor] retired solely to extinguish or reduce his earning for the purpose of avoiding support payments . . . , the lower court would then be justified in setting a support order based on his pre-retirement income." Id.[3] I would apply this reasoning in Tennessee cases involving obligors over age 62.

Because I believe that the retirement of workers nearing the ends of their careers should be presumed reasonable in the absence of proof by the obligee that the sole purpose of the retirement was to avoid the payment of alimony, I am constrained to dissent. Beyond the good faith inquiry, we have neither the right nor the standard by which to gauge whether the retirement of workers nearing the ends of their careers is "objectively reasonable." A standard of presumptive

---

[2] If the age for Social Security eligibility were to be changed in the future, I would of course modify my analysis to take that new age into account.

[3] Other courts have followed a comparable analysis. See In re Sinks, 204 Cal. App. 3d 586, 588 (Cal. Ct. App. 1983) ("We conclude that the trial court found [the obligor's] retirement was motivated by his desire to avoid paying spousal support, and, therefore, the refusal to terminate support was not an abuse of discretion."); Misinonile v. Misinonile, 645 A.2d 1024, 1027 (Conn. App. Ct. 1994) ("Our review of the record discloses no basis for a finding that the defendant retired for the purpose of avoiding or reducing his obligation. . . . On the basis of these facts, we conclude that the finding of the court, that there was a substantial change of circumstances, was neither unreasonable nor constituted an abuse of discretion.").

reasonableness would avoid this quandary. Additionally, it would free trial judges from the complex and unpleasant task of telling a person that his or her brightest hope for the future, retirement, is not objectively reasonable.

_____
ADOLPHO A. BIRCH, JR., JUSTICE