[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE. ALIMONY
The plaintiff seeks to modify the order of the court dated August 26, 1983 awarding the defendant alimony of $575.00 per month until her death, remarriage, or cohabitation. The plaintiff claims a substantial change in circumstances because he was required to retire early for health reasons.
When the marriage was dissolved, the plaintiff was earning $542.62 per week gross, and $347.91 per week net. His total support obligation including child support was $250.00 per week. There is no dispute that he paid all child support and alimony payments required for the seventeen years between the dissolution and the date he filed this motion. At the time of the dissolution, the defendant grossed approximately $200.00 per week and netted $148.00, exclusive of alimony and child support. Except for a house, both parties had minimal assets. However, the plaintiff did have a pension plan with Southern Connecticut Gas Company at the time of the dissolution, an asset that was not disclosed on his financial affidavit or mentioned in the parties' separation agreement.
In 1999, the plaintiff retired from his position as a supervisor at Southern Connecticut Gas Company, where nine months prior to his retirement he had been making approximately $66,000.00 per year in CT Page 3572 addition to having had use of a car. After retiring, he began to receive pension benefits of $581.00 and social security benefits of $291.55 per week, for a total weekly gross of $872.63 and a total weekly net of $616.62. This is approximately half of what he was earning at his retirement. The defendant now earns approximately $360.00 per week net exclusive of her 401k plan contribution. She does not have a pension with her employer, and will have to pay $500.00 per month for health insurance after her retirement.
The plaintiff retired from his employment before the normal retirement date, which resulted in his receiving a smaller pension than he otherwise would have. His retirement followed a back condition which necessitated emergency disc surgery and a long period of physical therapy. He was not able to perform his usual duties, and light duty was not available through his former employer. After his retirement, he did not continue to require medical treatment for his condition except for occasional check-ups. The defendant contends that, because his retirement was voluntary, it should not be considered a substantial change in circumstances justifying a modification in alimony.
The court finds that there has been a substantial change in the circumstances of the parties justifying a modification of alimony. The court finds that the plaintiffs retirement was not undertaken for the purpose of avoiding his obligations to provide support to the defendant.See, Misinonile v. Misinonile, 35 Conn. App. 228, 232 (1994). In determining the alimony to be paid under a modified order, the court has considered the factors set forth in 46b-82 for which evidence was presented at the time of the hearing.
Based on the evidence and the relevant legal requirements, the court orders that alimony be reduced to $50.00 per week. Based upon the parties' agreement, which was made an order of the court on August 3, 2000, the order is retroactive to April 29, 2000, the date the defendant was served. There is an arrearage of $4,850.00 from April 29, 2000, less amounts the plaintiff actually paid between April 29, 2000 and August 3, 2000. The court will retain jurisdiction to determine those amounts if the parties are unable to agree. The arrearage is ordered to be paid at the rate of $25.00 per week. Any arrearage unpaid at the time of the plaintiffs death will be a charge against his estate.
Orders will enter accordingly.
BY THE COURT,
GRUENDEL, J. CT Page 3573