[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR MODIFICATION OF ALIMONY, POST-JUDGMENT
By motion dated June 20, 2002, the defendant seeks to modify an alimony order entered as part of a dissolution judgment dated March 4, 1999. The defendant is requesting that the court reduce his alimony obligation based on a substantial change in the financial circumstances of the parties.
At the time of the dissolution, the parties entered an agreement which was incorporated by reference into the final judgment. This agreement provided inter alia, the following:
 Husband to pay permanent periodic alimony of $460.00 per week. Said alimony shall be modifiable as to amount but non-modifiable as to duration and shall terminate on death of either party or wife's remarriage . . . the UTC pension and UTC 401K plan shall be divided equally by QDRO orders . . . the husband shall maintain the wife as beneficiary on CIGNA and Northwestern Mutual policies in the total amount of $377,000.00 for so long as he has an alimony obligation. Said coverage shall be subject to modification in the future . . .
The court heard testimony from the parties and reviewed all exhibits entered. Based on this evidence, the court finds the following facts:
At the time of the dissolution, the parties had been married for 33 years. The defendant was employed by Pratt and Whitney and earned approximately $88,000.00 annually. He lived in an apartment in Manchester, Ct. The plaintiff had become recently employed prior to the dissolution and earned approximately $22,000.00 annually. She was living in the family home.
In June 2000, the defendant remarried and relocated to his current wife's home in Weston, Ct. He continued to work for Pratt and Whitney and CT Page 13151 as a result of his change in residence, had a lengthy commute to his employment. In the year 2002, the defendant was offered a separation package from Pratt and Whitney. These packages are offered every three to four years to employees at Pratt and Whitney. The defendant accepted the package which included a lump sum payment from Pratt and Whitney of a $6,000.00 transition bonus and an amount equal to 36 weeks of his regular pay. He also received unused vacation time in 2002 and one half of his potential vacation time from 2003 in the form of cash. As a result, the husband has netted approximately 53,000.00 in a separation package.
The husband stated three reasons for retiring early. First, he was tired of walking through the door at Pratt and Whitney, having done so for 36 years. Second, he was tired of the long commute. Third, he felt that he had fulfilled his obligations to his family with the last child having recently graduated from college.
His current life plan is for his wife, Virginia, to sell her Weston home, with relocation to the state of North Carolina where he plans to do nothing professionally.
The defendant alluded to an irregular heartbeat diagnosed in the mid-1990's as a factor in his decision to retire early but he also testified that this condition has not limited his activities or caused him to miss work.
At the time of the defendant's separation from Pratt and Whitney, he was earning an annual salary of $92,000.00 with some bonus that was variable. Soon after his separation from his employer, he began to draw on his pension. Currently, he receives a monthly sum of $1924.00, a sum slightly lower than he was eligible for, that he elected in order to provide his current wife with a survivor benefit.
Subsequent to the filing of the Motion to Modify and within 3 days of receiving the approximately $53,000.00 net from Pratt and Whitney for separating, the defendant repaid a loan from his 401K, gave his children financial gifts, paid a small amount of back taxes and paid his current wife approximately $27,000.00 for a loan he had taken from her earlier to pay off his personal credit card debt. He currently has $18,000.00 of the original $53,000.00 remaining. He also renovated his current wife's bathrooms but testified that those labors and material were a gift to her while her loan to him was not. He testified that his focus is now on Virginia, his current wife and not on Margaret, the plaintiff.
The parties agree that the regular retirement age at Pratt and Whitney is 65. The plaintiff testified that she had expected that the defendant's CT Page 13152 retirement would correspond to hers, but certainly no earlier than age 62. The plaintiff currently earns $570.00 per week or $29,640.00 annually. She testified that she will be entitled to a small pension at age 62 from this employment.
In order to modify or terminate an alimony award, Conn Gen Statutes sec. 46b-86 (a) requires "a showing of a substantial change in the circumstances of either party." Under this statutory provision, the party seeking the modification bears the burden of demonstrating that such a change has occurred. Borkowski v. Borkowski, 228 Conn. 729 (1994).
In general, the same sorts of criteria are relevant in determining whether a decree may be modified as are relevant in making the initial award of alimony. They have primarily to do with the needs and financial resources of the parties. Sanchione v. Sanchione, 173 Conn. 397, 401-402
(1977). Specifically, Conn Gen Stat Sec. 46b-82 requires the court to consider, among other things, the age, health, station, occupation, amount and sources of income, vocational skills, employability, and the needs of each party. It is clear from the testimony and exhibits that the defendant's income has significantly declined.
However, a defendant's inability to pay "does not automatically entitle a party to a decrease of an alimony order." Sanchione v. Sanchione,173 Conn. 397 (1977). Such inability to pay must be excusable and not brought about by the defendant's own fault before a motion for modification may be granted. Wanatowitz v. Wanatowitz, 12 Conn. App. 616
(1987); Gleason v. Gleason, 16 Conn. App. 134 (1988).
While it is clear to the court that the defendant's income has declined, this reduction was the direct result of the defendant's voluntary acceptance of an early retirement package. The defendant was quite frank in his testimony that he gave no consideration to his financial obligation to the plaintiff in making that decision. Apparently, he also gave no consideration to that obligation when, subsequent to the filing of his motion to modify, he chose to deplete a sizeable portion of the $53,000.00 net from the separation package, a sum which included thirty six weeks of salary. In the instant case, although the defendant has begun to receive the benefit of his pension as a result of having taken early retirement, the plaintiff will not be entitled to a like sum until she reaches age 65.
Voluntary retirement under some circumstances may constitute a substantial change in circumstances. Misinonile v. Misinonile,35 Conn. App. 228; 645 A.2d 1024, cert denied, 231 Conn. 929, 649 A.2d 253
(1994). In the instant case however, the court is not persuaded that the CT Page 13153 requisite substantial change in circumstances has been established.
The defendant's earning capacity was $92,000.00 when he elected early retirement. Poor health did not factor into his decision. Advanced age did not factor into his decision. The alimony order had only been in force for three years when the defendant voluntarily reduced his income at age 57, giving no thought to his financial obligation to the plaintiff. He readily disposed of his separation compensation after filing the motion to modify, even though that package included thirty six weeks of salary. He has elected to move out of state and to "do nothing" although he may have opportunities to engage in consulting work which, according to the plaintiff, would pay close to what he earned as a full-time employee at Pratt and Whitney. After considering all of these circumstances, this court finds that the defendant's voluntary reduction of salary was unreasonable and does not constitute the substantial change in circumstances necessary to warrant a modification.
Therefore, based upon the evidence presented, the defendant's motion to modify is denied.
__________________ Prestley, J. CT Page 13154